FILED
08 APR -3 PM 4:34
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

Jeremy S. Golden (SBN 228007)
LAW OFFICES OF ERIC F. FAGAN
2300 Boswell Road, Suite 211
Chula Vista, CA 91914
Jeremy@efaganlaw.com
Phone: 619-656-6656 Fax: 775-898-5471
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUSAN JETTE and BARBARA ANN JETTE, individuals,<br><br>Plaintiffs<br><br>v.<br><br>ORANGE COUNTY FINANCIAL, INC., a corporation; MORTGAGEIT, INC., a corporation; INDYMAC BANCORP., INC., a corporation; TIEMPO ESCROW, INC. a corporation; JERRY INDES, an individual; MR. MINGUS, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. '08 CV 0616 DMS LSP<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br>**1) Violation of TILA;**<br>**2) Violation of Business and Professions Code § 17200;**<br>**3) Fraud and Conspiracy to Defraud;**<br>**4) Breach of Fiduciary Duty;**<br>**5) Elder Abuse.** |

//

//

//

# COMPLAINT

## I. INTRODUCTION

1. This Complaint is filed under the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA") to enforce the Plaintiffs' right to rescind a consumer credit transaction, to void the Defendant's security interest in the Plaintiff's home, and to recover statutory damages, actual damages, reasonable attorneys' fees and costs by reason of the Defendant's violations of TILA and Regulation Z, 12 C.F.R. § 226 ("Regulation Z"). Plaintiffs also seek an injunction, actual damages, reasonable attorneys' fees and costs for Unfair and Deceptive Acts; Fraud and Deceit; Breach of Fiduciary Duty; and Elder Abuse.

## II. JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331, 1337. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this jurisdiction in that Defendants transact business here.

## III. PARTIES

5. Plaintiff SUSAN JETTE ("SUSAN"), is a natural person residing in the state of California, County of Butte.

6. Plaintiff BARBARA ANN JETTE ("BARBARA"), is a natural person residing in the state of California, County of Butte.

7. Defendant ORANGE COUNTY FINANCIAL, INC. ("OCFI") is a California corporation operating from an address at 4029 Westerly Place, Suite 201-A; Newport Beach, CA 92660.

8. Defendant MORTGAGEIT, INC. ("MORTGAGEIT") is a New York corporation operating from an address of 33 Maiden Lane; New York, NY 10038.

9. Defendant INDYMAC BANCORP, INC. ("INDYMAC") is a Delaware corporation operating from an address of 888 E. Walnut St.; Pasadena, CA 91101.

10. Defendant TIEMPO ESCROW II ("TIEMPO") is a California corporation operating from an address of 18448 Brookhurst; Fountain Valley, CA 92708.

11. Defendant JEREMY L. INDES ("INDES") is an individual and employee/agent of Defendant OCFI working in the state of California, County of Orange.

12. Defendant MR. MINGUS ("MINGUS") is an individual and employee/agent of Defendant OCFI working in the state of California, County of Orange.

13. Defendants are all entities or individuals who contributed to or participated in, or authorized the acts or conspired with the named Defendants to commit the acts and do the things complained of which caused the injuries and damages to Plaintiffs as set forth below. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

## IV. FACTUAL ALLEGATIONS

14. SUSAN JETTE is a 50-year old woman; BARBARA JETTE is her 74-year-old mother.

15. In 2003, Plaintiffs bought their home located at 1347 7th St. in Oroville, CA, financing it with a 30-year fixed-rate loan at 5.625% interest per annum with Countrywide; this was SUSAN's first home purchase.

16. In 2006, BARBARA's health declined. SUSAN quit her job to give her mother full-time care.

17. In or around June 2006, BARBARA was considering a reverse mortgage when in response to a direct-mail advertisement that stated "1% payment rate for 1 full year," and "annual cash flow increase of $15,752," SUSAN contacted MINGUS by telephone. MINGUS told SUSAN about what he termed a "miracle loan," one that he stated to be "a 'four-option' loan – a loan considered 'prime' for those with high credit scores and a record of responsibility for paying bills on time."

18. MINGUS told SUSAN that their home was solicited because of BARBARA's high FICO score and the equity in the home. MINGUS then checked SUSAN and BARBARA's credit to confirm and said everything was "perfect" to SUSAN.

19. Plaintiffs believe that at all times mentioned in this complaint MINGUS held a California real estate license.

21. The Plaintiffs relied on MINGUS' professed expertise and placed their trust and confidence in him as the Plaintiffs were unknowledgeable in lending matters and loans; as such, MINGUS owed Plaintiffs a fiduciary duty to act in the Plaintiffs' best interests.

22. In or around June 2006, MINGUS induced the Plaintiffs to apply to refinance their home and took a loan application over the phone.

23. Plaintiffs subsequently sent to MINGUS documentation verifying their total income, that of BARBARA of $2,647 a month.

24. MINGUS stated that the proposed new loan would bear an interest rate between 1 and 3 percent of the first three to five years.

25. MINGUS did not mention that the actual interest rate on the loan would be higher, variable, and would result in a payment that would increase significantly within three years.

26. In actuality, the loan into which OCFI ultimately arranged to be placed on the Plaintiffs' home escalated from 1.25% to 8.5% on November 1, 2006, one month after the Plaintiffs made their first loan payment.

27. To support MINGUS' false claim, OCFI submitted to the Plaintiffs a Truth-In-Lending disclosure Statement dated July 25, 2006 showing an Annual Percentage Rate (APR) of 1.425% with 479 payments of $602.20 and a final payment of $600.41. The disclosed Finance Charge was $68,294.

28. In making the subject loan, MORTGAGEIT, MINGUS, INDES, and OCFI failed to consider the Plaintiffs' ability to repay the loan according to its terms.

29. Unknown to the Plaintiffs, on or about July 25, 2006, INDES falsified a loan application showing SUSAN having income of $2,200 a month; SUSAN had been unemployed since May 2006 and is still unemployed to enable her to act as her mother's caregiver.

30. OCFI further submitted to the Plaintiffs a Good Faith Estimate dated July 25, 2006, showing a loan interest rate of 1.25% and 480 payments; an amendment to the escrow instructions on August 31, 2006, confirmed the payment schedule and a note interest rate of 1.25%.

31. On or about August 31, 2006, TIEMPO sent a notary to the Plaintiffs' home at approximately 6 p.m. to sign final documents to close the loan escrow; SUSAN had taken her mother home from the hospital the day prior.

32. During the signing of loan documents for closing BARBARA was unable to concentrate and kept falling asleep.

33. The notary persisted and presented the Plaintiffs with 170 pages of documentation to review and sign, and rushed the Plaintiffs through the process. Among the first pages of documentation were the Truth-In-Lending Disclosure statement showing a 1.45% APR and other forms prepared by escrow declaring that the loan was for a term of 480 months, with interest at the rate of 1.2500% per annum.

34. Inserted into these closing documents was a new Truth-In-Lending ("TIL") Disclosure Statement dated August 31, 2006 with an APR of 8.397%, a drastically revised payment schedule, and a total finance charge of $638,044.04.

35. Moreover the TIL Disclosure was deceptive in that it stated that after 34 months

the loan would go to full amortization with a payment of $1,878.57.

36. The TIL disclosure further stated, "The payment schedule and annual percentage rate disclosed here are estimated assuming that the current index rate will not increase nor decrease throughout the loan term."

37. Assuming that the index rate remained the same, by the terms of the Promissory Note signed by the Plaintiffs the principal balance would have increased at the rate of 7.25% the first year, 7.156% the second year, and 7.062% the final ten months before the rate changes to full amortization.

38. However, the terms of the loan provide that the "unpaid principal can never exceed the Maximum Limit equal to 115% of the principal amount I originally borrowed." Thus with the payment due on the 25th month, the loan balance would have increased such as to exceed the Maximum Limit - $261,050.

39. A loan of $261,050 bearing an interest rate of 8.5% amortized over 28 years would require a payment of principal and interest of $2,039 instead of the figure of $1,858.57 disclosed on the later TIL Disclosure Statement.

40. As the payments are therefore erroneous, the TIL disclosures are inaccurate on the face of the documents; the APR is understated by .6355% and the Finance Charge and Total of Payments are each understated by $71,551.78.

41. Plaintiffs are hereby exercising their right to rescind the loan.

42. The loan escrow closed on September 12, 2006; Plaintiffs had unknowingly acquired a negatively amortizing Adjustable Rate Mortgage at a beginning rate of 8.5% due to go to a full amortization in less than three years, and with a prepayment penalty of at least $15,000.

43. Plaintiffs are informed and believe and therefore allege on that basis TIEMPO and conspired with OCFI, MINGUS, and INDES to conceal from Plaintiffs the real terms of the loan, and to defraud plaintiffs. TIEMPO performed their part of the conspiracy by preparing and arranging the final documents, and by including Amended Escrow Instructions drafted by TIEMPO that falsely listed the interest rate and payment terms of the

loan.

44. If Plaintiffs had known the truth about the terms of the loan they would not have acted in taking the new loan.

45. Defendant's fraudulent conduct caused actual economic loss to Plaintiffs which includes, but is not limited to, the difference in the finance charge and the total of payments between their original loan and the one the Defendants fraudulently induced them into taking.

46. The Plaintiffs made their first payment in October, 2006.

47. In November, the Plaintiffs received notice that their interest rate would increase to 8.5%. They reviewed their documents and found the late TIL Disclosure and an unsigned copy of the falsified loan application.

48. Plaintiffs immediately notified the loan servicer, INDYMAC, that OCFI had falsified their income and misled them about the details of the loan as described above.

49. In addition, on January 19, 2007, the Plaintiffs sent a Qualified Written Request ("QWR") to INDYMAC pursuant to 12 U.S.C. § 2605(e); INDYMAC acknowledged receipt of such by letter to Plaintiffs on February 8, 2007.

50. INDYMAC failed to respond to Plaintiff's QWR, thereby violating 12 U.S.C. § 2605(e); instead on July 18, 2007, INDYMAC wrote to Plaintiffs stating that "as we did not originate the loan, . . . We will service the loan as according to the documents that were signed," and suggested that the Plaintiffs contact INDYMAC's Loan Resolution Department.

51. Plaintiffs spoke with a Mike Manning at INDYMAC's Loan Resolution Department, who told them that while INDYMAC would refinance the loan, there would be a high fee for additional loan origination fees, plus a prepayment penalty. He stated that all the fees would be added to the balance which, at the time, was approximately $230,000. He stated the new payments would be approximately $1500-$1562 a month and the new loan balance would be $247,000.

52. Plaintiffs indicated that they had been defrauded and requested that the current Loan Holder modify the loan. They further asked for copies of documents that INDYMAC held. Inter alia, INDYMAC sent to the Plaintiffs a copy of the loan application for

BARBARA ANN, but not for SUSAN.

53. SUSAN contacted INDYMAC's Loss Mitigation Department and spoke with a Dion#12 who told SUSAN that there was nothing INDYMAC could do to help.

54. As a result to the acts above, Plaintiff suffered depression, tensions, nervousness, fear, worry, unhappiness, sleeplessness, nightmares, loss of appetite, loss of enjoyment of life, humiliation, and severe emotional distress.

55. The acts complained of above are part of a pattern and practice of harassment by Defendants.

## V. FIRST CLAIM FOR RELIEF

**(By Plaintiffs for Rescission Against MORTGAGEIT, INDYMAC and DOES 1-10 for Violation of TILA)**

56. Plaintiffs repeat, reallege, and incorporate by reference all of the foregoing paragraphs.

57. This consumer credit transaction was subject to the Plaintiffs' right of recission as described by 15 U.S.C. § 1635 and Regulation Z § 226.23 (12 C.F.R. § 226.23).

58. The disclosure statement issued in conjunction with this consumer credit transaction violated the requirements of TILA and Regulation Z as described above.

59. The improper disclosures were material disclosures as defined by TILA and Regulation Z and were underdisclosed by more than the tolerance levels.

60. By reason of the material violations Plaintiffs have a right or rescission for three years from the date of consummation of the loan.

61. As a result of the aforesaid violations of TILA and Regulation Z, Defendants are liable to Plaintiff for

(a) Rescission of this transaction;

(b) Termination of any security interest in Plaintiff's property created under the transaction;

(c) Return of any money or property given by the Plaintiffs to anyone,

including the Defendants, in connection with this transaction;

(d) Statutory damages of $2,000 for the disclosure violations;

(e) Forefeiture and return of loan proceeds;

(f) Actual damages in an amount to be determined at trial;

(g) Reasonable attorneys' fees and costs.

## VI. SECOND CLAIM FOR RELIEF

**(By Plaintiffs Against OCFI, MORTGAGEIT, TIEMPO, INDES, MINGUS and Does 1-10 for Violation of Business and Professions Code § 17200)**

62. Plaintiffs repeat, reallege, and incorporate by reference all of the foregoing paragraphs.

63. As a result of the aforesaid actions, Defendants have engaged in acts of unfair competition as defined in Business and Professions Code § 17200.

64. Defendants unfair and deceptive acts include but are not limited to its violations of TILA, Regulation Z, and its fraud.

65. Plaintiffs suffered injury in fact as a result of Defendants unfair and deceptive acts.

66. Pursuant to Business and Professions Code § 17203 the Defendants should be enjoined from engaging in unfair competition and enforcing the transaction, or any security interest in Plaintiffs' property created under the transaction. An injunction should be issued for such other and further relief as the Court may deem just and proper.

## V. THIRD CLAIM FOR RELIEF

**(By Plaintiffs Against OCFI, MORTGAGEIT, TIEMPO, INDES, MINGUS and Does 1-10 for Fraud and Conspiracy to Defraud)**

67. Plaintiffs repeat, reallege, and incorporate by reference all of the foregoing paragraphs.

68. The above-alleged representations that Defendants made to Plaintiffs were false.

69. Defendants knew that the representations were false when they made them or made the representations recklessly without regard for the truth.

70. Defendants intended that Plaintiffs rely on the misrepresentations.

71. Plaintiffs reasonably relied on the statements to their detriment.

72. Defendants had an agreement among themselves either orally, in writing, or implied by their conduct to commit the wrongful act of fraud.

73. As a result of the above violations, Defendants are liable to Plaintiffs for actual damages, punitive damages and costs.

## VII. FOURTH CLAIM FOR RELIEF

**(By Plaintiffs Against OCFI, MORTGAGEIT, INDES, MINGUS and Does 1-10 for Breach of Fiduciary Duty)**

74. Plaintiffs repeat, reallege, and incorporate by reference all of the foregoing paragraphs.

75. Defendants had a fiduciary duty to protect Plaintiffs' economic interests and not to mislead and harm them.

76. As a result of the aforesaid actions, Defendants breached that duty.

77. Plaintiff were harmed.

78. Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

79. As a result of the breach, Defendants are liable for actual damages, punitive damages, and costs.

## IV. FIFTH CLAIM FOR RELIEF

**(By Plaintiff BARBARA Against OCFI, MORTGAGEIT, TIEMPO, INDES, MINGUS and Does 1-10 for Elder Abuse Act)**

80. BARBARA repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

81. Defendants violated the Elder Abuse Act, Cal. Welf. and Inst. Code § 15610.30 as follows:

(a) Defendants wrongfully and fraudulently induced BARBARA into entering the transaction and thereby taking and retaining a security interest in BARBARA's property,

(b) BARBARA was over 65 years of age at the time of the conduct,

(c) Defendants took and retained the interest wrongfully and with an intent to defraud and in bad faith,

(d) BARBARA was harmed, and

(e) Defendants' conduct was a substantial factor in causing BARBARA's harm.

82. As a result of the above violations, Defendants are liable to BARBARA for actual damages, punitive damages, attorney's fees and costs.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

(a) Actual damages;

(b) Statutory damages;

(c) Costs and reasonable attorney's fees;

(d) For punitive damages;

(e) For injunctive relief;

(f) For such other and further relief as the Court may deem just and proper.

Date: 4/1/08

Jeremy S. Golden
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: 4/1/08

Jeremy S. Golden
Attorney for Plaintiff

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED 08 APR -3 PM 4:34 CLERK U.S. DISTRICT COURT BY: DEPUTY

## I. (a) PLAINTIFFS

SUSAN JETTE and BARBARA ANN JETTE, individuals,

(b) County of Residence of First Listed Plaintiff Chico
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

Jeremy S. Golden LAW OFFICES OF ERIC F. FAGAN, 2300 Boswell Road, Suite 211, Chula Vista, CA 91914, 619-656-6656

## DEFENDANTS

ORANGE COUNTY FINANCIAL, INC., a corporation; MORTGAGEIT, INC., a corporation; INDYMAC BANCORP.,

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

'08 CV 0616 DMS LSP

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331, 1337

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE DOCKET NUMBER

DATE 4/1/08 SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 149396 AMOUNT 350.- APPLYING IFP JUDGE MAG. JUDGE

4/3/08

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 149396 - SR**

**April 03, 2008**
**16:29:06**

**Civ Fil Non-Pris**
USAO #.: 08CV0616 CIV. FIL
Judge..: DANA M SABRAW
Amount.: $350.00 CK
Check#.: BC#1895

**Total-> $350.00**

FROM: JETTE V. ORANGE CTY. FIN.
CIVIL FILING