Steven Ray Garcia (State Bar No. 110479)
srg@kpclegal.com
Greta T. Hutton (State Bar No. 103079)
gh@kpclegal.com
KNAPP, PETERSEN & CLARKE
500 North Brand Boulevard, 20th Floor
Glendale, California 91203-1904
Telephone: (818) 547-5000
Facsimile: (818) 547-5329

Attorneys for Defendant
TIEMPO ESCROW, INC. a corporation

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN JETTE and BARBARA ANN JETTE, individuals,<br><br>Plaintiff,<br><br>v.<br><br>ORANGE COUNTY FINANCIAL, INC., a corporation; MORTGAGEIT, INC., a corporation; INDYMAC BANKCORP., INC., a corporation; TIEMPO ESCROW, INC., a corporation; JERRY INDES, an individual; MR. MINGUS, an individual; and DOES 1 through 10, inclusive,,<br><br>Defendants. | NO. 08CV0616 DMS LSP<br><br>Date: June 20, 2008<br>Time: 1:30 p.m.<br>Ctrm: 10<br><br>Hearing Judge: Dana M. Sabraw<br><br>NOTICE OF MOTION AND MOTION FOR CHANGE OF VENUE |

TO: PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 20, 2008 at 1:30 p.m., or as soon thereafter as the matter may be heard, in courtroom 10 of the above-entitled court located at 880 Front Street, San Diego, California 92101, defendant Tiempo Escrow II, a California corporation (ñTiempo Escrow IIò), will and hereby does, move for an order dismissing the within action for improper venue or improper service or, alternatively, for an order transferring the action to a proper venue in the Central District in Orange County, California. This motion is brought under Rules 12(b)(3)

and 12(b)(5) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1391(b) on the grounds that:

1. This action allegedly arises under federal law, the Truth In Lending Act; however most of the claims alleged are state law claims;

2. All defendants reside in the Central District of California in Orange County or do business there;

3. All alleged events or omissions giving rise to the claim occurred in the City of Oroville in Butte County, California, where the two plaintiffs reside, and in Orange County, California where the defendants reside or do business; and all property that is the subject of the action is situated in Butte County in the Northern District of California;

4. The Central District in Orange County is the only judicial district in which any defendant may be found; and

5. Defendant Tiempo Escrow II is not named in the caption of the complaint or in the summons; accordingly, it has not been properly served. Tiempo Escrow, Inc. was named in the caption and in the summons. However, it is a corporation separate and distinct from Tiempo Escrow II. Tiempo Escrow II is described in paragraph 10 of the complaint. Given the confusion, it is unclear who plaintiffs intended to sue.

Alternatively, Tiempo Escrow II moves to transfer venue to the Central District in Orange County, California where all of the defendants reside or do business, all of the witnesses are present and the events giving rise to the action arose.

////

////

////

////

////

This motion will be based on this notice of motion and motion, the memorandum of points and authorities filed herewith, the separately filed Declaration of R.J. Burke, and all other pleadings and papers in the courtôs file.

Dated: May 19, 2008

KNAPP, PETERSEN & CLARKE

By: ________________________________

Steven Ray Garcia
Greta T. Hutton
Attorneys for Defendant
Tiempo Escrow II

MEMORANDUM OF POINTS AND AUTHORITIES

# I.

# INTRODUCTION

Because this case arises primarily under claimed violations of state law occurring in another district by parties other than Tiempo Escrow II, the Court should dismiss it from this case.

## A. Most of Plaintiffs' Claims Arise under State Law.

On April 3, 2008, the plaintiffs filed this action. It purports to allege claims for:

(1) Violations of the Trust In Lending Act (ñTILò);

(2) Violations of section 17200 et seq. of the California Business and Professions Code;

(3) Fraud and conspiracy to defraud;

(4) Breach of Fiduciary Duty; and

(5) Elder Abuse;

Although it is difficult to discern what action plaintiffs complains of with regard to Tiempo Escrow II, it is clear that plaintiffsô claims are connected with their dissatisfaction at taking out an adjustable rate mortgage loan that they now want to renege on. (Complaint, ¶ 60.)

## B. Plaintiffs' Residence, which was Refinanced, is in Butte County, California, which is in the Northern District.

Plaintiffs allege that they took out a refinance loan on their home located at 1347 7th Street, Oroville, California in Butte County in the Northern District. (Compl., ¶ 15.) Plaintiffsô refinance loan had an interest rate that was adjustable, as plaintiffs knew. (Compl., ¶ 33.) Plaintiffs became dissatisfied with their loan. It is unclear what defendant Tiempo Escrow II did, because plaintiffs fail to allege it.

////

////

### C. The Loan Was Made in Orange County, California.

No loan documents or disclosure statements are attached to the complaint. Generalizations and conclusions are alleged about a notary whom the plaintiffs have not sued and about the loan documents presented by the notary. There are no allegations that plaintiff Susan Jette was not given an opportunity to read what she was signing or to advise her mother regarding the loan documents.

Because all offices of Tiempo Escrow II are located in Orange County, California and because all of its business operations are located there as well, it is clear that Tiempo Escrow II does not reside in the Southern District.of California nor is it present there. By the same token, all the defendants reside in or do business in Orange County, California as disclosed on the face of the complaint (see Compl., ¶¶ 7 ï 12 and see Declaration of R. J. Burke filed in support of this motion, at paragraphs 4, 6.), and all of the alleged actions giving rise to plaintiffsô complaint arose in Orange County or in Butte County, where the plaintiffsô home, which is the subject of the refinance loan, is located.. As a result, this case should be dismissed because it was improperly filed in San Diego. Where is the nexus to San Diego?

What is more, defendant Tiempo Escrow is not named in the caption of the complaint or in the summons. Hence, Tiempo Escrow II has not been properly served and the case should be dismissed for improper service. Alternatively, because all of the factors relevant to venue require that the case be brought in a district other than the Southern District, i.e., the Central District in Orange County, venue should be transferred to the Central District in Orange County, California.

## II.

## BECAUSE THE SOUTHERN DISTRICT IS NOT THE PROPER VENUE, THE COURT SHOULD DISMISS THIS CASE

The right of a defendant to have an action brought against it tried in the district of its residence is a valuable right, safeguarded by statute and supported by a long line of decisions. Plaintiffs are rarely entitled to file an action in the district of the

KNAPP, PETERSEN & CLARKE

plaintiffsô residence alone, or in this case, in the district of the residence of the plaintiffsô attorney. As disclosed on the face of the complaint, plaintiffs themselves do not reside in the Southern District of California. They reside in Butte County, California.

Under the Federal Rules of Civil Procedure, Rule 12(b)(3), this Court is authorized to dismiss a claim for improper venue. The corresponding federal general venue statute, 28 U.S.C. § 1391(b), states that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

ñIn most instances, the purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trialé It is absolutely clear that Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered choice among a host of different districts.ò *Leroy v. Great Western United Corp*., 443 U.S. 173, 184 ï 185 (1979). Proper venues are those where the defendant resides, is present, or where the action took place. If a venue is chosen that inconveniences the defendant greatly, or is brought in the improper venue, then the defendant may submit a motion to dismiss the claim.

In the case at hand, venue is not proper under any of the provisions of the statute cited. None of the defendants reside in San Diego, or the area covered by the Southern District of California, but rather in Orange County, California where all the defendants did business. The events which gave rise to this claim all occurred in Orange County or in Butte County but no defendants reside in Butte County; only the plaintiffs reside there. As for the third option, it applies only ñif there is no

////

district in which the action may otherwise be brought.ö Here, Orange County is a proper venue so the third option is inapplicable.

This action should have been brought in the district court of Orange County, considering that all defendants and most events took place there. Furthermore, even if this were a situation that was somehow not covered by the first two options, which it is not, venue would still be improper in San Diego.

The third option is for an area where any defendant may be found. Any and all defendants (or their agents) in this case are found in one location: Orange County, California.

Under any and all of the provisions of section 1391(b), this case should have been brought in the judicial district of Central District in Orange County, California.

## III.

## THE COURT SHOULD DISMISS TIEMPO ESCROW II BECAUSE IT WAS NOT PROPERLY SERVED

As shown of the face of the relevant pleadings, Tiempo Escrow II, a California corporation, is not named either in the caption of the complaint nor in the summons. Hence, Tiempo Escrow II has not been served as mandated by Rule 4(a)(1) and 4(e)of the Federal Rules of Civil Procedure. No proper service has been effected. Tiempo Escrow II is not should not be in this case. Tiempo Escrow II respectfully urges this Court to dismiss this action for improper service.

## IV.

## ALTERNATIVELY, THE COURT SHOULD TRANSFER THIS CASE TO THE PROPER VENUE

Alternatively, it is within the Courtõs power under 28 U.S.C. § 1404(a), to transfer the case to a forum more convenient for the defendants and witnesses. Because the defendants and most of the witnesses are located in Orange County as disclosed by the face of the complaint, the proper, and certainly the most convenient forum, would be the Central District Court in Orange County, rather than that of the

KNAPP, PETERSEN & CLARKE

Southern District of California in San Diego where the only nexus to the Southern District.is the location of the office of the plaintiffsô attorney. Further, as the separately filed declaration of R. J. Burke shows, Tiempo Escrow II is a wholly owned corporation located in Orange County, California, and does not do business in the Southern District. Further, the loan transaction which forms the basis of this suit was entirely performed in Orange County and Butte County, but not in the Southern District. Indeed, the only connection of this case to the Southern District is that plaintiffôs counsel appears to have their office in the district. Unfortunately, this is not enough. This motion should be granted.

Dated: May 19, 2008

KNAPP, PETERSEN & CLARKE

By: s/__________________________________
Steven Ray Garcia
Greta T. Hutton, Attorneys for
Defendant Tiempo Escrow II

KNAPP, PETERSEN & CLARKE