MICHAEL R. FARRELL (BAR NO. 173831)
YALE K. KIM (BAR NO. 188895)
BRADLEY E. JEWETT (BAR NO. 222773)
ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: mfarrell@allenmatkins.com
ykim@allenmatkins.com
bjewett@allenmatkins.com

Attorneys for Defendant
INDYMAC BANK, F.S.B. erroneously sued
herein as INDYMAC BANCORP, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN JETTE and BARBARA ANN JETTE, individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>ORANGE COUNTY FINANCIAL, INC., a corporation; MORTGAGEIT, INC., a corporation; INDYMAC BANCORP, INC., a corporation; TIEMPO ESCROW, INC., a corporation; JERRY INDES, an individual; MR. MINIGUS, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 08 CV 0616 DMS LSP<br><br>**DEFENDANT INDYMAC BANK, F.S.B.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**<br><br>Complaint Filed: April 3, 2008 |

Defendant IndyMac Bank, F.S.B.'s (erroneously sued herein as IndyMac Bancorp, Inc.) ("IndyMac" or "Defendant") answers plaintiffs Susan Jette's and Barbara Ann Jette's (collectively referred to herein as the "Plaintiffs") unverified Complaint, as follows:

## I. INTRODUCTION

1. Defendant admits Plaintiffs filed the Complaint and assert a claim for relief therein under the Truth in Lending Act, 15 U.S.C § 1601 ("TILA"), and that Plaintiffs' Complaint also seeks an injunction, actual damages, reasonable attorneys' fees and costs for Unfair and Deceptive Acts; Fraud and Deceit; Breach of Fiduciary Duty and Elder Abuse. Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation in paragraph 1 of Plaintiffs' Complaint and therefore denies such allegations.

## II. JURISDICTION AND VENUE

2. Defendant admits that this Court has jurisdiction over the claims asserted in Plaintiffs' Complaint, pursuant to 15 U.S.C. § 1640(e), 28 U.S.C. §§ 1331, 1337. Defendant also admits that the Court has authority to issue a declaratory judgment under 28 U.S.C. § 2201.

3. Defendant admits this Court has supplemental jurisdiction over the state law claims asserted in Plaintiffs' Complaint.

4. Defendant admits that it transacts business in Southern California, and that this venue is therefore proper.

## III. THE PARTIES

5. Defendant admits that plaintiff Susan Jette is a natural person, but is without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation in paragraph 5 of Plaintiffs' Complaint and therefore denies such allegations.

6. Defendant admits that plaintiff Barbara Jette is a natural person, but is without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation in paragraph 6 of Plaintiffs' Complaint and therefore denies such allegations.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation in paragraph 7 of Plaintiffs' Complaint and therefore denies such allegations.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation in paragraph 8 of Plaintiffs' Complaint and therefore denies such allegations.

9. Defendant admits that its parent holding company, IndyMac Bancorp, Inc., erroneously sued herein, is a Delaware corporation. Defendant further admits that Defendant IndyMac Bank, F.S.B., maintains an office at, and conducts business from, 888 E. Walnut Street, Pasadena, California 91101, but is without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation in paragraph 9 of Plaintiffs' Complaint, and therefore denies such allegations.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation in paragraph 10 of Plaintiffs' Complaint and therefore denies such allegations.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation in paragraph 11 of Plaintiffs' Complaint and therefore denies such allegations.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation in paragraph 12 of Plaintiffs' Complaint and therefore denies such allegations.

13. Defendant denies the allegations set forth in paragraph 13 of Plaintiffs' Complaint that it contributed to or participated in, or authorized the acts or conspired with the other named defendants to commit the acts and do the things complained of, which allegedly caused injuries and damages to Plaintiffs. Defendant is without knowledge or information sufficient to form a belief as to the

truth of each and every remaining allegation in paragraph 13 of Plaintiffs' Complaint and therefore denies such allegations.

## IV. FACTUAL ALLEGATIONS

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of Plaintiffs' Complaint and therefore denies such allegations.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of Plaintiffs' Complaint and therefore denies such allegations.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of Plaintiffs' Complaint and therefore denies such allegations.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of Plaintiffs' Complaint and therefore denies such allegations.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of Plaintiffs' Complaint and therefore denies such allegations.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of Plaintiffs' Complaint and therefore denies such allegations.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of Plaintiffs' Complaint and therefore denies such allegations.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of Plaintiffs' Complaint and therefore denies such allegations.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of Plaintiffs' Complaint and therefore denies such allegations.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of Plaintiffs' Complaint and therefore denies such allegations.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of Plaintiffs' Complaint and therefore denies such allegations.

26. Defendant admits that Plaintiffs entered into a loan with interest rates that escalated from 1.25% to 8.5%, but is without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation in paragraph 26 of Plaintiffs' Complaint, and therefore denies such allegations.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of Plaintiffs' Complaint and therefore denies such allegations.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of Plaintiffs' Complaint and therefore denies such allegations.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of Plaintiffs' Complaint and therefore denies such allegations.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of Plaintiffs' Complaint and therefore denies such allegations.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of Plaintiffs' Complaint and therefore denies such allegations.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of Plaintiffs' Complaint and therefore denies such allegations.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of Plaintiffs' Complaint and therefore denies such allegations.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of Plaintiffs' Complaint and therefore denies such allegations.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of Plaintiffs' Complaint and therefore denies such allegations.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of Plaintiffs' Complaint and therefore denies such allegations.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of Plaintiffs' Complaint and therefore denies such allegations.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of Plaintiffs' Complaint and therefore denies such allegations.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of Plaintiffs' Complaint and therefore denies such allegations.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of Plaintiffs' Complaint and therefore denies such allegations.

41. Defendant admits that Plaintiffs' Complaint is an attempt by Plaintiffs to exercise their purported right to rescind the subject loan, but is without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation in paragraph 41 of Plaintiffs' Complaint and therefore denies such allegations.

42. Defendant admits that escrow on the loan at issue closed in or around September, 2006, but is without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation in paragraph 42 of Plaintiffs' Complaint and therefore denies such allegations.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of Plaintiffs' Complaint and therefore denies such allegations.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of Plaintiffs' Complaint and therefore denies such allegations.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of Plaintiffs' Complaint and therefore denies such allegations.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of Plaintiffs' Complaint and therefore denies such allegations.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of Plaintiffs' Complaint and therefore denies such allegations.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of Plaintiffs' Complaint and therefore denies such allegations.

49. Defendant admits that it sent Plaintiffs a letter on or about February 8, 2007. Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation in paragraph 49 of Plaintiffs' Complaint and therefore denies such allegations.

50. Defendant admits sending Plaintiffs a letter on or about July 18, 2008 stating that "as we did not originate your loan you would need to address any closing issues with the originator of your loan. We will service the loan as according to the documents that were signed. We established our Loan Resolution Department to work with customers who are no longer able to make their payments. You may contact them at 877-908-4357 to discuss your options." Defendant denies every remaining allegation in paragraph 50 of Plaintiffs' Complaint.

51. Defendant admits that Plaintiffs spoke with its Loan Resolution Department about Plaintiffs options regarding the subject loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation in paragraph 51 of Plaintiffs' Complaint and therefore denies such allegations.

52. Defendant is without knowledge or information sufficient to form a belief as to the truth the allegations in paragraph 52 of Plaintiffs' Complaint and therefore denies such allegations.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth the allegations in paragraph 53 of Plaintiffs' Complaint and therefore denies such allegations.

54. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of Plaintiffs' Complaint and therefore denies such allegations.

55. Defendant denies the allegations in paragraph 55 of Plaintiffs' Complaint as to Defendant.

## V. FIRST CLAIM FOR VIOLATION OF TRUTH IN LENDING ACT

(Against IndyMac, Mortgageit, and Does 1-10)

56. Defendant incorporates by reference its responses to paragraphs 1 through 55 set forth above.

57. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of Plaintiffs' Complaint and therefore denies such allegations.

58. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of Plaintiffs' Complaint and therefore denies such allegations.

59. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of Plaintiffs' Complaint and therefore denies such allegations.

60. Defendant denies each and every allegation set forth in paragraph 60 of Plaintiffs' Complaint.

(a) Defendant denies each and every allegation set forth in paragraph 61(a) of Plaintiffs' Complaint.

(b) Defendant denies each and every allegation set forth in paragraph 61(b) of Plaintiffs' Complaint.

(c) Defendant denies each and every allegation set forth in paragraph 61(c) of Plaintiffs' Complaint.

(d) Defendant denies each and every allegation set forth in paragraph 61(d) of Plaintiffs' Complaint.

(e) Defendant denies each and every allegation set forth in paragraph 61(e) of Plaintiffs' Complaint.

(f) Defendant denies each and every allegation set forth in paragraph 61(f) of Plaintiffs' Complaint.

(g) Defendant denies each and every allegation set forth in paragraph 61(g) of Plaintiffs' Complaint.

## VI. SECOND CLAIM FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200

(Against OCFI, Mortgageit, Tiempo, Indes, Mingus and Does 1-10)

61. Defendant incorporates by reference its responses to paragraphs 1 through 61 set forth above.

62. This claim is not asserted against Defendant. Further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of Plaintiffs' Complaint and therefore denies such allegations.

63. This claim is not asserted against Defendant. Further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of Plaintiffs' Complaint and therefore denies such allegations.

64. This claim is not asserted against Defendant. Further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of Plaintiffs' Complaint and therefore denies such allegations.

65. This claim is not asserted against Defendant. Further, Defendant denies that an injunction should be issued for any purpose relating to the subject loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation in paragraph 66 of Plaintiffs' Complaint and therefore denies such allegations.

## VII. THIRD CLAIM FOR FRAUD AND CONSPIRACY TO DEFRAUD

(Against OCFI, Mortgageit, Tiempo, Indes, Mingus and Does 1-10)

66. Defendant incorporates by reference its responses to paragraphs 1 through 66 set forth above.

67. This claim is not asserted against Defendant. Further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of Plaintiffs' Complaint and therefore denies such allegations.

68. This claim is not asserted against Defendant. Further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of Plaintiffs' Complaint and therefore denies such allegations.

69. This claim is not asserted against Defendant. Further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of Plaintiffs' Complaint and therefore denies such allegations.

70. This claim is not asserted against Defendant. Further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of Plaintiffs' Complaint and therefore denies such allegations.

71. This claim is not asserted against Defendant. Further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of Plaintiffs' Complaint and therefore denies such allegations.

72. This claim is not asserted against Defendant. Further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of Plaintiffs' Complaint and therefore denies such allegations.

## VIII. FOURTH CLAIM FOR BREACH OF FIDUCIARY DUTY

(Against OCFI, Mortgageit, Indes, Mingus and Does 1-10)

73. Defendant incorporates by reference its responses to paragraphs 1 through 73 set forth above.

74. This claim is not asserted against Defendant. Further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of Plaintiffs' Complaint and therefore denies such allegations.

75. This claim is not asserted against Defendant. Further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of Plaintiffs' Complaint and therefore denies such allegations.

76. This claim is not asserted against Defendant. Further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of Plaintiffs' Complaint and therefore denies such allegations.

77. This claim is not asserted against Defendant. Further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of Plaintiffs' Complaint and therefore denies such allegations.

78. This claim is not asserted against Defendant. Further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of Plaintiffs' Complaint and therefore denies such allegations.

## IX. FIFTH CLAIM FOR VIOLATION OF THE ELDER ABUSE ACT

(Against OCFI, Mortgageit, Indes, Mingus and Does 1-10)

79. Defendant incorporates by reference its responses to paragraphs 1 through 79 set forth above.

(a) This claim is not asserted against Defendant. Further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81(a) of Plaintiffs' Complaint and therefore denies such allegations.

(b) This claim is not asserted against Defendant. Further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81(b) of Plaintiffs' Complaint and therefore denies such allegations.

(c) This claim is not asserted against Defendant. Further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81(c) of Plaintiffs' Complaint and therefore denies such allegations.

(d) This claim is not asserted against Defendant. Further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81(d) of Plaintiffs' Complaint and therefore denies such allegations.

(e) This claim is not asserted against Defendant. Further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81(e) of Plaintiffs' Complaint and therefore denies such allegations.

80. This claim is not asserted against Defendant. Further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of Plaintiffs' Complaint and therefore denies such allegations.

## X. <u>JURY DEMAND</u>

No response is required to the request for jury trial set forth on page 12 of the Complaint.

## INDYMAC'S AFFIRMATIVE DEFENSES

Further answering the Complaint, and as additional defenses thereto, IndyMac incorporates by reference the foregoing answers and affirmative statements as though fully set forth herein, without assuming the burden of proof where such burden is other on Plaintiffs as a matter of applicable substantive procedural law, and further alleges as follows:

1. Plaintiffs admit that they signed the closing documents for the loan at issue.

2. Plaintiffs admit that information accurately reflecting the interest rates for the loan at issue was included in the documentation they signed.

3. Plaintiffs admit that they did not hire an attorney to review to closing documents for the loan at issue.

4. Plaintiffs admit that IndyMac did not originate the loan at issue.

5. Plaintiffs admit that IndyMac responded in writing to Plaintiffs' January 19, 2007 Qualified Written Request on February 8, 2007.

6. Plaintiffs admit that IndyMac agreed to service the loan as according to the documents that were signed.

7. Plaintiffs admit that IndyMac offered to refinance the subject loan for Plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

8. Defendant incorporates by reference Paragraphs 1 though 7 of its Affirmative Defenses.

9. Plaintiffs consented to the conduct alleged in the Complaint and voluntarily relinquished and waived all rights to any claims because, *inter alia*, Plaintiffs reviewed and signed all of the loan documents with personal knowledge, experience and understanding of the terms of the loan at issue in this case.

**SECOND AFFIRMATIVE DEFENSE**

10. Defendant incorporates by reference Paragraphs 1 though 7 of its Affirmative Defenses.

11. Plaintiffs have not suffered any actual damage as a result of any actions by Defendant; and in the alternative, Plaintiffs failed to minimize or mitigate their damages, if any, by, *inter alia*, failing to make a good faith attempt to secure alternative funding.

**THIRD AFFIRMATIVE DEFENSE**

12. Defendant incorporates by reference Paragraphs 1 though 7 of its Affirmative Defenses.

13. Plaintiffs' claims against Defendant are barred by the Statute of Limitations.

**FOURTH AFFIRMATIVE DEFENSE**

14. Defendant incorporates by reference Paragraphs 1 though 7 of its Affirmative Defenses.

15. Plaintiffs have failed to allege facts sufficient to establish a valid claim against Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

16. Defendant incorporates by reference Paragraphs 1 though 7 of its Affirmative Defenses.

17. Plaintiffs have neither alleged facts indicating Defendant failed to comply with the requirements of the TILA, nor facts sufficient to establish Defendant's alleged pattern or practice of noncompliance with the requirements of the TILA.

**SIXTH AFFIRMATIVE DEFENSE**

18. Defendant incorporates by reference Paragraphs 1 though 7 of its Affirmative Defenses.

19. Defendant, in its capacity as loan servicer, has made all permissible and appropriate adjustments to the loan account to ensure that Plaintiffs will not be required to pay an amount in excess of any amount that Plaintiffs would otherwise have paid.

**SEVENTH AFFIRMATIVE DEFENSE**

20. Defendant incorporates by reference Paragraphs 1 though 7 of its Affirmative Defenses.

21. To the extent Plaintiffs allege that they are entitled to a rescission based on Defendant's alleged failure to timely respond to Plaintiffs' alleged Qualified Written Request, Plaintiffs are not entitled to rescind their mortgage under the TILA, or obtain any statutory damages, including the recovery of costs and reasonable attorneys' fees, because Defendant responded in a timely manner to all such written requests, if any.

**EIGHTH AFFIRMATIVE DEFENSE**

22. Defendant incorporates by reference Paragraphs 1 though 7 of its Affirmative Defenses.

23. To the extent Plaintiffs allege that they are entitled to a rescission based on Defendant's alleged failure to timely respond to Plaintiffs' Qualified Written Request, Plaintiffs are not entitled to rescission, because the failure to respond to a Qualified Written Request in a timely manner is not grounds for rescission at common law or under the TILA.

**NINTH AFFIRMATIVE DEFENSE**

24. Defendant incorporates by reference Paragraphs 1 though 7 of its Affirmative Defenses.

25. Plaintiffs signed the Notices of Right to Cancel and Truth in Lending Disclosures, and thus Plaintiffs' claims are barred by the applicable statute of frauds.

**TENTH AFFIRMATIVE DEFENSE**

26. Defendant incorporates by reference Paragraphs 1 though 7 of its Affirmative Defenses.

27. By admitting that they did not hire an attorney to attend the closing or review the closing documents for the loan at issue, Plaintiffs are not entitled to rescission based on any alleged mistake because any mistake occurred notwithstanding Plaintiffs' failure to exercise due care.

**ELEVENTH AFFIRMATIVE DEFENSE**

28. Defendant incorporates by reference Paragraphs 1 though 7 of its Affirmative Defenses.

29. Defendant reserves the right to raise such additional defenses as may become apparent to it through written discovery and the presentation of evidence in this case.

Dated: May 29, 2008

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
YALE K. KIM
MICHAEL R. FARRELL
BRADLEY E. JEWETT

By: ______________________
BRADLEY E. JEWETT
Attorneys for Defendant
INDYMAC BANK, F.S.B.
erroneously sued herein as
INDYMAC BANCORP, INC.

# CERTIFICATE OF SERVICE BY ECF

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 515 South Figueroa Street, Ninth Floor, Los Angeles, California 90071-3309.

On May 29, 2008, service of the following document;

**DEFENDANT INDYMAC BANK, F.S.B.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

was accomplished via NEF notification on the following registered ECF user:

Jeremy S. Golden, Esq.
Law Offices of Eric F. Fagan
2300 Boswell Road, Suite 211
Chula Vista, CA 91914

I declare under penalty of perjury under the laws of the State of California that I am employed by a member of the bar of this Court and that the foregoing is true and correct.

Executed on May 29, 2008, at Los Angeles, California.

Luci V. Benavidez ____________________ [signature]
(Type or print name) (Signature)