Jeremy S. Golden (SBN 228007)
LAW OFFICES OF ERIC F. FAGAN
2300 Boswell Road, Suite 211
Chula Vista, CA 91914
Jeremy@efaganlaw.com
Phone: 619-656-6656 Fax: 775-898-5471
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUSAN JETTE and BARBARA ANN JETTE, individuals,<br><br>Plaintiffs<br><br>v.<br><br>ORANGE COUNTY FINANCIAL, INC., et al.<br><br>Defendants. | Case No.: 08CV0616-DMS-LSP<br><br>**Plaintiffs' Opposition to Defendant's Motion for Change of Venue**<br><br>Date: June 20, 2008<br>Time: 1:30 p.m.<br>Dept.: 10<br><br>The Hon. Dana M. Sabraw |

## I.
## STATEMENT OF FACTS

Through a combination of false statements and predatory loan tactics, Defendants coerced Plaintiffs Barbara and Susan Jette to opt out of their 30-year-fixed-rate loan at a 5.625% interest rate into a negatively-amortizing adjustable-rate mortgage. Defendants illegal scheme involved falsely stating that the interest rate would be lower than it actually was; supplying a fraudulent Truth-In-Lending ("TILA") disclosure; falsifying a loan

application; and pressuring the 74-year-old borrower to close the loan transaction one day after she was released from the hospital. Defendant Tiempo Escrow, II ("TIEMPO") submitted escrow instructions which deceived Plaintiffs into thinking they were obtaining a loan for a term of 480 months, with interest at the rate of 1.2500%. Golden Declaration, Exhibit A. Plaintiffs filed this complaint against six named Defendants for violations of TILA and related state law causes of action on April 3, 2008 in the Southern District of California.

The parties are scattered across the state and country. Plaintiffs reside in California and all the Defendants conduct business in California and in San Diego County. Plaintiffs' attorneys' office is located in San Diego County; Plaintiffs reside in Butte County; Defendant Orange County Financial, Inc. and its employees who are named as defendants are based in Orange County; Defendant MortgageIt, Inc. is based in New York; Defendant Indymac is based in Los Angeles County; and Defendant TIEMPO is based in Orange County. TIEMPO maintains a website that advertises to persons in San Diego County. Golden Declaration, Exhibit B. TIEMPO serves "Southern California." Golden Declaration, Exhibit B. TIEMPO "handle[s] escrow pertaining to property in" San Diego County. Burke Declaration, ¶ 6 (Docket 12).

Plaintiff served TIEMPO with the summons and complaint on April 30, 2008, pursuant to F.R.Civ.P. 4(h) (C.C.P. 416.10) by delivering during usual business hours a copy of the summons and complaint to Tiffani Leauasoga an agent authorized to accept service.

TIEMPO filed this motion in an effort to change venue. TIEMPO also included arguments that the action should be dismissed due to improper service, improper venue and because "most of the claims alleged are state law claims."

//

//

//

//

//

## II.
## ISSUES

**A. Whether Plaintiff Properly Served TIEMPO.**

Plaintiffs originally referred to this defendant as "Tiempo Escrow, Inc." inadvertently leaving off the "II' designation in one place in the original complaint and on the summons.

**B. Whether Supplemental Jurisdiction Exists for Plaintiffs' State Law Claims Against Tiempo.**

Plaintiffs have alleged that supplemental jurisdiction for the present court to hear state claims exists Pursuant to 28 U.S.C. §1367(a).

**C. Whether the Southern District Of California Venue Is Proper Because a Defendant Resides in This District**

All defendants are considered residents of California; Indymac Bank and TIEMPO are considered residents of this District.

## III
## ARGUMENT

**A. Plaintiffs Properly Served TIEMPO Pursuant to F.R.Civ.P. 4(h).**

Plaintiffs sued TIEMPO as it violated the law and is responsible in part for Plaintiffs damages. In paragraph 10 of Plaintiffs' Complaint, Plaintiffs correctly identified the defendant as "Tiempo Escrow II." In the caption of the complaint and on the summons the two roman numerals following the defendant's name were inadvertently omitted and defendant was identified as "Tiempo Escrow, Inc."

Plaintiffs properly served TIEMPO's agent, Tiffani Leauasoga, pursuant to F.R.Civ.P. 4(h) with a copy of the summons and complaint thereby giving it notice that it is a defendant. TIEMPO is further aware that is a defendant in this action as it was the escrow agent for the subject loan. It would not be proper to dismiss TIEMPO from the action because of a minor technical detail like the failure to include two roman numerals after its name in some, but not

all, places on the originating documents. United Food & Commercial Workers Union v. Alpha Beta Co, 736 F.2d 1371, 1382 (9th Cir. 1984) (holding that purely technical errors in the form of summons may not invalidate the service).

If necessary, the proper course is for this court to allow an amendment to the summons and complaint to add the two roman numerals. If the intended defendant was actually served, the summons may be amended *nunc pro tunc* (so that reservice is unnecessary) to show the defendant's correct name. United States v. A.H. Fischer Lumber Co., 162 F.2d 872-873-874 (4th Cir. 1947). Alternatively the defendant could simply answer as Tiempo Escrow II, erroneously sued as Tempo Escrow, Inc.

**B. Supplemental Jurisdiction Exists for Plaintiffs' State Law Claims Against TIEMPO Pursuant to 28 U.S.C. §1367(a).**

Plaintiffs filed suit under TILA. This court has federal question jurisdiction pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331, 1337. (Complaint, ¶2). Supplement jurisdiction "include(s) claims that involve the joinder or intervention of additional parties" 28 U.S.C. § 1367(a). Plaintiffs properly alleged supplement jurisdiction over Tiempo Escrow, II. (Complaint, ¶ 3).

The claims against TIEMPO arise from the same nucleus of operative facts as the federal claims against the co-defendants. Paragraph 33 of the Complaint refers to a form prepared by TIEMPO that declared the subject loan was for a term of 480 months, with interest at the rate of 1.2500% per annum. Golden Declaration, Exhibit A.

There is only one loan transaction at issue in this case; TIEMPO acted with the other defendants in procuring it. Thus, this court can adjudicate state law claims against defendants who are not parties to the federal claim. Ammerman v. Sween, 54 F.3d 423, 424-425 (7th Cir. 1995); Mendoza v. Zirkle Fruit Co., 301 F.3d 1163, 1172-1173 (9th Cir. 2002).

//

//

//

**C. Because All Defendants Reside In California The Southern District Of California Venue Is Proper Because A Defendant Resides In This District.**

28 U.S.C. § 1391 states:

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in: (1) **a judicial district where any defendant resides**, if all defendants reside in the same State,

(c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State…

Corporate defendants reside where they are subject to personal jurisdiction. Caremark Therapeutic Services v. Leavitt, 405 F.Supp.2d 454 (S.D.N.Y. 2005). All defendants in this action are subject to personal jurisdiction in California and are therefore considered residents of this state. Complaint, ¶ 4. On May 29, 2008, Defendant Indymac Bank filed its Answer (Docket 15) and admitted that it "transacts business in Southern California, and that this venue is therefore proper." Indymac Answer, ¶ 4. Thus, Indymac Bank is a resident of this judicial district. Therefore, pursuant to 28 U.S.C. § 1391(b)(1) venue is proper in the Southern District of California because it is a judicial district were any defendant resides (Indymac Bank), and all defendants reside in California.

Moreover, TIEMPO is a resident of this judicial district as it transacts business in this area. Its website reaches potential customers in San Diego County; TIEMPO states on its website that it "serves Southern California." R.J. Burke, the CEO of TIEMPO indicated that TIEMPO handles escrows pertaining to property in this district. Burke Declaration, ¶ 6. He further stated that TIEMPO arranges for title companies in this district to search land titles. Burke Declaration, ¶ 6. He also stated that employees of TIEMPO will contact independent

signing services in this district to close loans. Burke Declaration, ¶ 6. TIEMPO, therefore, by its own admission, conducts business in this district.

Finally, because of the predatory loan, Plaintiffs are in a precarious financial situation. If they are required to pay for travel costs for their attorneys to make out-of-district court appearances it will cause financial hardship. Thus, because Plaintiffs' attorneys' offices are located in the Southern District the case should remain here.

## III.

## CONCLUSION

This court has jurisdiction over all of Plaintiffs' claims. Plaintiff filed this complaint in the proper venue and properly served TIEMPO. Plaintiffs request that this court permit amendment to the summons and complaint *nunc pro tunc* to add "II" after defendant's name. Plaintiffs also request that this court maintain supplemental jurisdiction over the state law claims and to keep the case in the southern district.

Venue is proper in this district. However, if the court is inclined to grant TIEMPO's motion, Plaintiffs request that the court transfer the case to the Eastern District of California – Sacramento Division. That is where a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391(a).

Date: June 4, 2008

__/S/ Jeremy S. Golden______________
Jeremy S. Golden
Attorney for Plaintiff