Lorenzo E. Gasparetti (State Bar No. 135976)
Dorit M. Glockner (State Bar No. 229690)
Janet M. Lee (State Bar No. 251518)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: 213.457.8000
Facsimile: 213.457.8080
lgasparetti@reedsmith.com
dglockner@reedsmith.com

Attorneys for Defendant
MortgageIT, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SUSAN JETTE and BARBARA ANN JETTE, individuals

Plaintiffs

vs.

ORANGE COUNTY FINANCIAL, INC., a corporation; MORTGAGEIT, INC., a corporation; INDYMAC BANCORP., INC., a corporation; TIEMPO ESCROW, INC., a corporation; JERRY INDES, an individual; MR. MINGUS, an individual; and DOES 1 through 10, inclusive.

Defendants

Case No. 08 CV-0616 DMS (LSP)

**DEFENDANT MORTGAGEIT, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

Date: July 25, 2008
Time: 1:30 p.m.
Courtroom: 10

[filed concurrently with Notice of Motion and Motion to Dismiss and Notice of Motion and Motion for More Definite Statement; Request for Judicial Notice; and Notice of Party with Financial Interest]

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

# TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 1

II. FACTUAL BACKGROUND .......... 2

III. LEGAL ANALYSIS .......... 5

A. Legal Standard For 12(b)(6) Motion .......... 5

B. The Court Should Dismiss Plaintiffs' TILA Claim Because Plaintiffs Fail To Adequately Disclose Any Conduct Violative Of That Statutory Scheme .......... 6

C. The Court Should Dismiss Plaintiffs' Claims For Fraud And Conspiracy To Defraud Because Plaintiffs Fail To Plead With The Requisite Particularity Required By Rule 9(b) .......... 8

D. The Court Should Dismiss Plaintiffs' UCL Claim Because Plaintiffs Fail To Allege Facts Sufficient To Proceed With These Claims As To MortgageIT .......... 11

E. Plaintiffs' Cause of Action For Breach of Fiduciary Duty Fails Because Plaintiffs Cannot Allege A Fiduciary Relationship With MortgageIT .......... 13

F. The Court Should Dismiss Plaintiffs' Elder Abuse Claim Because Plaintiffs Do Not Allege Any Conduct Violative Of The Elder Abuse Act .......... 14

G. In The Event That The Court Denies MortgageIT's Motion To Dismiss Plaintiffs' TILA Claim, MortgageIT Alternatively Moves For A More Definite Statement Regarding Plaintiffs' TILA Claim Pursuant to Rule 12(e) .......... 17

IV. CONCLUSION .......... 18

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

# TABLE OF AUTHORITIES

Page

## CASES


*Abrams v. Crocker-Citizens National Bank*, 60 Cal. App. 3d 442 (1976) .......... 13

*Alford v. Superior Court*, 29 Cal. 4th 1033 (2003) .......... 15, 16

*Balistreri v. Pacific Police Department*, 901 F.2d 696 (9th Cir. 1988) .......... 5

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) .......... 6

*Benasra v. Mitchell Silberberg & Knupp LLP*, 123 Cal. App. 4th 1179 (2004) .......... 13

*Benun v. Superior Court*, 123 Cal. App. 4th 113 (2004) .......... 15

*Bosse v. Crowell Collier & MacMillan*, 565 F.2d 602 (9th Cir. 1977) .......... 8

*Cel-Tech Communications, Inc. v. L.A. Cellular Telegraph Co.*, 20 Cal. 4th 163 (1999) .......... 12

*Delaney v. Baker*, 20 Cal. 4th 23 (1999) .......... 15

*In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 536 F. Supp. 2d 1129 (N.D. Cal. 2008) .......... 6

*Farmers Insurance Exch. v. Super. Ct.*, 2 Cal. 4th 377 (1992) .......... 12

*Hall v. Time, Inc.*, 158 Cal. App. 4th 847 (2008) .......... 12

*Ileto v. Glock Inc.*, 349 F.3d 1191 (9th Cir. 2003) .......... 5

*Kim v. Sumitomo Bank*, 17 Cal. App. 4th 974 (1993) .......... 13

*McCann v. Lucky Money, Inc.*, 129 Cal. App. 4th 1382 (2005) .......... 13

*McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996) .......... 17


REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

*Nestande v. Watson*,
111 Cal. App. 4th 232 (2003)....................16

*Papasan v. Allain*,
478 U.S. 265 (1986)....................6

*People v. Martinez*,
31 Cal. 4th 673 (2003), *cert. denied*, 124 S. Ct. 2160 (2004)....................16

*Price v. Wells Fargo Bank*,
213 Cal. App. 3d 465, 476 (1989)....................13

*Reinisch v. United States*,
1992 U.S. Dist. LEXIS 5334 (N.D. Cal. 1992)....................8

*Robertson v. Dean Witter Reynolds, Inc.*,
749 F.2d 530 (9th Cir. 1984)....................5

*S. Bay Chevrolet v. General Motors Accep. Corp.*,
72 Cal. App. 4th 861 (1999)....................11

*Sagan v. Apple Computer, Inc.*,
874 F. Supp. 1072 (C.D. Cal. 1994)....................17

*Saunders v. Super. Ct.*,
27 Cal. App. 4th 832 (1994)....................12

*Schmidt v. Herrmann*,
614 F.2d 1221 (9th Cir. 1980)....................8

*Self Directed Placement Corp. v. Control Data Corp.*,
908 F.2d 462 (9th Cir. 1990)....................17

*Semegen v. Weidner*,
780 F.2d 727 (9th Cir. 1981)....................8, 9

*Smith v. Bennett*,
133 Cal. App. 4th 1507 (2005)....................15

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007)....................9, 10

*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003)....................5

*Vess v. Ciba-Geigy Corp.*,
317 F.3d 1097 (9th Cir. 2003)....................10, 11

*Warren v. Fox Family Worldwide, Inc.*,
328 F.3d 1136 (9th Cir. 2003), cert. denied, 543 U.S. 1050 (2005)....................5

*Yeager v. City of San Diego*,
2007 U.S. Dist. LEXIS 40381 (S.D. Cal. 2007)....................5

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

## STATUTES, RULES AND REGULATIONS

12 C.F.R. § 226 .......... 6
12 C.F.R. § 226.17(a) .......... 6
12 C.F.R. § 226.17(c) .......... 6
15 U.S.C. § 1601 .......... 6
Cal. Bus. & Prof. Code § 17200 .......... 4, 11
Cal. Bus. & Prof. Code § 17204 .......... 12
Cal. Wel. & Instit. Code ("WIC") § 9380 .......... 15
Cal. Wel. & Instit. Code ("WIC") § 9380(d) .......... 15
Cal. Wel. & Instit. Code ("WIC") § 15610 .......... 15
Cal. Wel. & Instit. Code ("WIC") § 15610(f) .......... 15
Cal. Wel. & Instit. Code ("WIC") § 15610.30 .......... 14, 15, 16
Cal. Wel. & Instit. Code ("WIC") § 15610.30(a) .......... 14
Cal. Wel. & Instit. Code ("WIC") § 15610.30(b)(1) .......... 14
Cal. Wel. & Instit. Code ("WIC") § 15657 .......... 15
Fed. R. Civ. Proc. Rule 9(b) .......... 2, 8, 9, 10, 18
Fed. R. Civ. Proc. Rule 12(b)(6) .......... 5, 6
Fed. R. Civ. Proc. Rule 12(e) .......... 2, 17

## OTHER AUTHORITIES

C. Wright & A. Miller, *Federal Practice and Procedure* § 1216 .......... 6, 7
Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial* § 8:45.85 .......... 9

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs Susan and Barbara Jette (collectively "plaintiffs") entered into a loan to refinance their home. Plaintiffs allege that in response to a direct mail advertisement, they applied over the phone to refinance with defendant Mr. Mingus ("Mingus"). Plaintiffs entered into the loan with lender MortgageIT, Inc. ("MortgageIT"), relying on Mingus' oral representations that the new loan would bear an interest rate between 1 and 3 percent for the first three to five years, while the loan actually had a higher, variable interest rate. Notably, plaintiffs allege that they relied on Mingus' supposed expertise and that they placed their trust and confidence in him in making their decision to enter into the new loan.

Despite only alleging that defendants Tiempo Escrow, Inc. ("Tiempo"), Orange County Financial, Inc. ("OCFI"), Mingus, and Jerry Indes ("Indes") conspired to conceal the real terms of the loan and defraud plaintiffs, they sue MortgageIT for violations of the Truth In Lending Act ("TILA") and California's Unfair Competition Law ("UCL"), fraud and conspiracy to defraud, breach of fiduciary duty and elder abuse. Notably, however, plaintiffs do not allege any fraudulent acts on the part of MortgageIT, merely alleging that MortgageIT failed to consider plaintiffs' ability to repay the loan. The Court should dismiss this suit as to MortgageIT for several independent reasons.

First, plaintiffs' TILA claim fails as a matter of law because plaintiffs allegations are based upon improper assumptions and speculation.

Second, plaintiffs fraud and conspiracy to defraud claims fail as a matter of law because plaintiffs do not allege their fraud and conspiracy to defraud claims with the level of particularity that Federal Rule of Civil Procedure 9(b) requires, failing to indicate the time and place of the alleged misrepresentations and failing to attribute representations to MortgageIT.

Third, plaintiffs' UCL claim cannot proceed because it is premised entirely on plaintiffs' faulty TILA and fraud claims.

Fourth, plaintiffs' breach of fiduciary duty claim fails because plaintiffs do not – because they cannot – allege a fiduciary relationship with MortgageIT.

Fifth, plaintiffs' Elder Abuse Act claim fails because plaintiffs fail to allege any conduct violative of that statutory scheme.

Accordingly, the Court should dismiss plaintiffs' Complaint in its entirety against MortgageIT with prejudice. Alternatively, should this Court allow plaintiffs' TILA claim to proceed, MortgageIT requests that plaintiffs provide further factual detail regarding the basis of plaintiffs' incomprehensible TILA claim pursuant to Federal Rule of Civil Procedure 12(e).

## II. FACTUAL BACKGROUND

Plaintiffs, Susan Jette and her mother, Barbara Jette, own a residential property in Oroville, California. Complaint, ¶¶ 14-15. They allege that defendant Mingus, an employee/agent of OCFI, solicited them to refinance their home. *Id.* at ¶¶ 17-18. Specifically, plaintiffs allege that in response to a direct-mail advertisement that promised "1% payment rate for 1 full year" and "annual cash

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

flow increase of $15,752," Susan contacted Mingus, who induced plaintiffs to apply to refinance their home loan over the phone with him. *Id.* at ¶¶ 17, 22. Mingus allegedly told plaintiffs that the new loan would bear an interest rate between 1 and 3 percent of the first three to five years, while failing to disclose that the actual interest rate would be higher and variable. *Id.* at ¶¶ 24-25. Plaintiffs allege that they relied on ***Mingus***' "professed expertise and placed their trust and confidence in him . . . ." *Id.* at ¶¶ 19, 21.

Plaintiffs additionally allege that OCFI submitted to them a Truth-In-Lending disclosure statement stating an annual percentage rate of 1.425% with 479 payments of $602.20 and a final payment of $600.41, as well as a Good Faith Estimate dated July 25, 2006 disclosing an interest rate of 1.25% and 480 payments, with an amendment to the escrow instructions in August 2006 confirming that rate. Complaint, ¶¶ 27, 30. Moreover, plaintiffs allege that Indes, another employee/agent of OCFI, falsified Susan's income on a loan application during a time when Susan had been unemployed. *Id.* at ¶¶ 11, 29.

Plaintiffs further allege that defendant Tiempo Escrow II ("Tiempo") sent a notary to plaintiffs' home for execution of the final loan documents, which plaintiffs allege included a Truth-In-Lending Disclosure Statement with an APR of 1.45%, other forms stating the loan term of 480 months with a 1.25% interest rate, and a new Truth-In-Lending Disclosure Statement dated August 31, 2006 with an annual percentage rate of 8.397%, a new payment schedule, and new total finance charge. Complaint, ¶ 31, 33, 34. Plaintiffs allege that the TILA disclosures were deceptive on their face, misstating the APR, finance charge, and amount of total payments. *Id.* at ¶¶ 35-40.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

Plaintiffs allege that Tiempo conspired with OCFI, Mingus, and Indes to conceal the actual terms of the loan from plaintiffs and to defraud plaintiffs. Complaint, ¶ 43. Specifically, plaintiffs allege that Tiempo participated in the alleged conspiracy by "preparing and arranging the final documents, and by including Amended Escrow Instructions drafted by Tiempo that falsely listed the interest rate and payment terms of the loan." *Id.* Plaintiffs allege that "defendants, despite allegedly owing a fiduciary duty to plaintiffs, had an agreement among themselves either orally, in writing, or implied by their conduct to commit the wrongful act of fraud." *Id.* at ¶¶ 72, 75.

Plaintiffs assert the following causes of action against lender MortgageIT: (1) Violation of the Truth in Lending Act; (2) Violation of Business and Professions Code § 17200; (3) Fraud and Conspiracy to Defraud; (4) Breach of Fiduciary Duty; and (5) Elder Abuse. Plaintiffs seek compensatory, punitive, and statutory damages, as well as rescission, injunctive relief, costs and attorneys' fees, and other remedies the Court deems proper.

Notably, plaintiffs do not allege any representations on the part of MortgageIT that were fraudulent. Indeed, the only time plaintiffs name MortgageIT at all in the factual allegations of the Complaint is to allege that MortgageIT, among others, "failed to consider the Plaintiffs' ability to repay the loan according to its terms." *See* Complaint, ¶ 28.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

## III. LEGAL ANALYSIS

### A. Legal Standard For 12(b)(6) Motion

A party may move to dismiss under Rule 12(b)(6) where the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. Proc. Rule 12(b)(6). For the purposes of a 12(b)(6) motion, the allegations of fact in the complaint are accepted as true and construed in the light most favorable to the plaintiff. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003), *cert. denied*, 543 U.S. 1050 (2005). However, in ruling on a Rule 12(b)(6) motion, the court need not accept as true conclusory allegations or legal characterizations cast in the form of factual allegations. *Id.*; *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). Nor must the court "swallow the plaintiff's invective hook, line, and sinker." *Yeager v. City of San Diego*, 2007 U.S. Dist. LEXIS 40381, *13 (S.D. Cal. 2007). Rather, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." *Id.* Dismissal can be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacific Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984). The Court may take judicial notice of appropriate matters for purposes of a Rule 12(b)(6) ruling. *United States v. Ritchie*, 342 F.3d 903, 907-908 (9th Cir. 2003).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

**B. The Court Should Dismiss Plaintiffs' TILA Claim Because Plaintiffs Fail To Adequately Disclose Any Conduct Violative Of That Statutory Scheme**

Virtually the entire design of the Truth in Lending Act ("TILA", 15 USC Section 1601, *et. seq.*) and its accompanying Regulation Z (12 C.F.R. Section 226) depends upon the accuracy of written disclosures. Indeed, the basic requirement for all TILA disclosures is that they be made "clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. Section 226.17(a). If the TILA disclosures accurately describe the "legal obligation between the parties," 12 C.F.R. Section 226.17(c), there is no liability whatsoever.

Significantly, it is well-established that a plaintiff's factual allegations must rise above the speculative level. *See, e.g., Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief ***requires more than labels and conclusions***, and a formulaic recitation of the elements of a cause of action will not do . . . ***Factual allegations must be enough to raise a right to relief above the speculative level.***") (emphasis added); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 536 F. Supp. 2d 1129, 1134 (N.D. Cal. 2008) ("[A] plaintiff must allege facts that are enough to raise his/her right to relief ***above the speculative level*** . . . . In short, a plaintiff must allege enough facts to state a claim to relief that is ***plausible on its face, not just conceivable.***") (emphasis added); *see also* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

(3d ed. 2004) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

Here, plaintiffs allege that the TILA disclosures were:

> deceptive in that it stated that after 34 months the loan would go to full amortization with a payment of $1,878.57. The TIL disclosure further stated, 'The payment schedule and annual percentage rate disclosed here are estimated assuming that the current index rate will not increase nor decrease throughout the loan term.'

Complaint, ¶¶ 35-36. Plaintiffs further allege that:

> [a]s the payments are . . . erroneous, the TIL disclosures are inaccurate on the face of the documents; the APR is understated by .6355% and the Finance Charge and Total of Payments are each understated by $71,551.78.

*Id.* at ¶ 40. Notably, however, plaintiffs base these allegations on a series of mere assumptions and speculation rather than allegations of fact:

> ***Assuming*** that the index rate remained the same, by the terms of the Promissory Note signed by the Plaintiffs the principal balance ***would have*** increased at the rate or 7.25% the first year, 7.156% the second year, and 7.062% the final ten months before the rate changes to full amortization. However, the terms of the loan provide that the 'unpaid principal can never exceed the Maximum Limit equal to 115% of the principal amount I originally borrowed.' Thus with the payment due on the 25th of the month, the loan balance ***would have*** increased such as to exceed the Maximum Limit -- $261,050. A loan of $261,050 bearing an interest rate of 8.5% amortized over 28 years ***would require*** a payment of principal and interest of $2,039 instead of the figure of $1,858.57 disclosed on the later TIL Disclosure statement.

Complaint, ¶¶ 37-39 (emphasis added). Aside from the fact that plaintiffs provide no basis for their otherwise incomprehensible calculations, these allegations are insufficient to support a claim that there has been any violation of TILA at all. Accordingly, the Court should dismiss plaintiffs' TILA claim with prejudice as to MortgageIT.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

**C. The Court Should Dismiss Plaintiffs' Claims For Fraud And Conspiracy To Defraud Because Plaintiffs Fail To Plead With The Requisite Particularity Required By Rule 9(b)**

Pursuant to Federal Rule of Civil Procedure 9(b), "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Rule 9(b) requires a plaintiff to specifically state the circumstances surrounding an alleged fraud. *See, e.g., Bosse v. Crowell Collier & MacMillan*, 565 F.2d 602, 611 (9th Cir. 1977) ("Rule 9(b)…requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations. While mere conclusory allegations of fraud will not suffice, statements of the time, place and nature of the alleged fraudulent activities will.") (internal citations omitted); *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980) (affirming district court's striking of plaintiffs' second amended complaint where pleadings were "confusing, distracting, [and] ambiguous" in part on the basis that plaintiffs did not comply with Rule 9(b)); *Reinisch v. United States*, 1992 U.S. Dist. Lexis 5334, *7-8 (N.D. Cal. 1992) (dismissing fraud claim with prejudice in absence of requisite specificity). Rule 9(b) also requires particular averments regarding ***each defendant's*** participation in the alleged fraudulent scheme. *See, e.g, Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1981).

Here, plaintiffs do not allege who at MortgageIT made representations to them much less allege any specific content, time, or place of the fraudulent representations that MortgageIT made to them. Plaintiffs do not even indicate whether MortgageIT ever held rights to the subject loan or the extent of MortgageIT's involvement in the loan transaction, if any.

Instead, plaintiffs focus solely on false statements and disclosures that other defendants made to them. *See, e.g.*, Complaint, ¶ 17 ("***Mingus*** told Susan about what he termed a 'miracle loan' . . .") (emphasis added); *see id.* at ¶ 21 ("Plaintiffs relied on ***Mingus***' professed expertise and placed their trust and confidence in him. . . .") (emphasis added); *see id.* at ¶ 22 ("***Mingus*** induced the Plaintiffs to apply to refinance their home and took a loan application over the phone.") (emphasis added); *see id.* at ¶ 26 ("the loan into which ***OCFI*** ultimately arranged to be placed on the Plaintiffs' home escalated from 1.25% to 8.5% on November 1, 2006.") (emphasis added); *see id.* at ¶ 27 ("to support ***Mingus***' false claim, ***OCFI*** submitted to the Plaintiffs a Truth-In-Lending disclosure Statement dated July 25, 2006 showing an Annual Percentage Rate (APR) of 1.425% with 479 payments of $602.20 and a final payment of $600.41. The disclosed Finance Charge was $68,294.") (emphasis added); *see id.* at ¶ 29 ("on or about July 25, 2006, ***Indes*** falsified a loan application showing Susan having income of $2,200 a month;") (emphasis added); *see id.* at ¶ 30 ("***OCFI*** further submitted to the Plaintiffs a Good Faith Estimate dated July 25, 2006, showing a loan interest rate of 1.25% and 480 payments.") (emphasis added); *see id.* at ¶ 48 ("Plaintiffs immediately notified the loan servicer, Indymac, that ***OCFI*** had falsified their income and misled them about the details of the loan. . . .") (emphasis added).

With respect to the conspiracy to defraud claim, plaintiffs must also allege the conspiracy with particularity given the ties to the fraud allegations. *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) ("Rule 9(b) imposes heightened pleading requirements where the object of the conspiracy is fraudulent."); *see also* Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial* § 8:45.85 (The Rutter Group 2007) (noting that "allegations of a conspiracy to defraud are subject to the heightened pleading standard of Rule 9(b) . . . .[P]laintiffs must plead facts showing the existence of an agreement to

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

commit fraud and overt acts in furtherance of that agreement. Allegations merely that 'defendants conspired to defraud plaintiff' do not suffice.").

Further, where a plaintiff alleges that several defendants participated in a fraudulent scheme, Rule 9(b) requires plaintiff to "differentiate their allegations" and "inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz*, 476 F. 3d at 764-765 (internal citations omitted). The *Swartz* court further explained that "a plaintiff must, at a minimum, "identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme." *Id.* at 765.

The Ninth Circuit in *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1107 (9th Cir. 2003) dismissed a plaintiff's fraud-based conspiracy claim on a 12(b)(6) motion where plaintiff failed to allege fraudulent conspiracy with particularity:

> [Plaintiff] alleges a ***fraudulent conspiracy*** between the APA and the other defendants, but ***he does not provide the particulars of when, where, or how the alleged conspiracy occurred.*** He alleges that the APA received financial contributions from Novartis, but ***he offers scant specifics as to when or between whom the money changed hands*** . . . . ***He charges that the APA sought to conceal its fraud by improperly clustering testing data for ADD with testing data for other conditions, but the allegation is unsupported by details, such as the names of those conditions*** . . . . Finally, he alleges that the APA misrepresented its connection to Novartis, ***but he does not identify any specific misrepresentations or specify when and where they occurred. These allegations are not particular enough to satisfy Rule 9(b).***

(emphasis added).

Just as the plaintiff is *Vess*, plaintiffs here fail to allege the conspiracy with the requisite particularity as to MortgageIT. Plaintiffs fail to allege *MortgageIT's* involvement in the conspiracy, instead asserting that "Tiempo . . . conspired with



REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

OCFI, Mingus, and Indes to conceal from Plaintiffs the real terms of the loan, and to defraud plaintiffs." Complaint, ¶ 43. Plaintiffs allege that "***Tiempo*** performed their part of the conspiracy by preparing and arranging the final documents, and by including Amended Escrow Instructions drafted by ***Tiempo*** that falsely listed the interest rate and payment terms of the loan." *Id.* (emphasis added). Indeed, the only allegation specifically referencing MortgageIT in the entire complaint is plaintiffs' allegation that "MortgageIT . . . failed to consider the Plaintiffs' ability to repay the loan according to its terms." *Id.* at ¶ 28. Because plaintiffs simply do not provide the particulars for when, where, or how the alleged conspiracy occurred, much less MortgageIT's involvement in the alleged conspiracy or even the loan transaction generally, these conspiracy allegations do not pass muster and, accordingly, cannot tie MortgageIT to their fraud claims.

Accordingly, the Court should dismiss plaintiffs' causes of action for fraud and conspiracy to defraud with prejudice as to MortgageIT.

**D. The Court Should Dismiss Plaintiffs' UCL Claim Because Plaintiffs Fail To Allege Facts Sufficient To Proceed With These Claims As To MortgageIT**

California's Unfair Competition Law ("UCL"), codified at California Business & Professions Code Section 17200, provides: "[U]nfair competition shall mean and include any unlawful, unfair, ***or*** fraudulent business act or practice…." (emphasis added). As a result of the disjunctive language employed by the statute, each part of its definition of unfair competition operates separately from each other part. *See S. Bay Chevrolet v. Gen. Motors Accep. Corp.*, 72 Cal. App. 4th 861, 878 (1999).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

The "unlawful" prong of the UCL applies where a practice is "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *See Saunders v. Super. Ct.*, 27 Cal. App. 4th 832, 838, 839 (1994) (citation omitted). In short, the UCL "borrows" violations of other laws and authorizes a separate action pursuant to the UCL. *See Farmers Ins. Exch. v. Super. Ct.*, 2 Cal. 4th 377, 383 (1992). The "unfair" prong of the UCL, in turn, applies when the practice at issue allegedly violates "the policy or spirit of [anti-trust] laws because its effects are comparable to a violation of the law, or that otherwise significantly threatens or harms competition." *See Cel-Tech Communications, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). The "fraudulent" prong of the UCL, post-enactment of Proposition 64, applies where a business act or practice actually misleads a plaintiff. *See, e.g., Hall v. Time, Inc.*, 158 Cal. App. 4th 847, 849 (2008). Under the current test, a private person now has standing to assert a UCL claim only if he or she (1) "has suffered injury in fact," and (2) "has lost money or property as a result of such unfair competition." Cal. Bus. & Prof. Code § 17204.

Here, plaintiffs allege that "Defendants unfair and deceptive acts include but are not limited to its violations of TILA, Regulation Z, and its fraud." Complaint, ¶ 64. However, as set forth in Section III.B, *supra.*, plaintiffs fail to allege a violation of TILA or Regulation Z. Further, as set forth in Section III.C, *supra.*, plaintiffs fail to allege a fraud claim as to MortgageIT. Plainly stated, the Complaint is devoid of factual allegations that MortgageIT's conduct constituted any unlawful, unfair, or fraudulent act. Accordingly, the Court should sustain MortgageIT's motion to dismiss plaintiffs' UCL claim as to MortgageIT without leave to amend.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

**E. Plaintiffs' Cause of Action For Breach of Fiduciary Duty Fails Because Plaintiffs Cannot Allege A Fiduciary Relationship With MortgageIT**

Plaintiffs allege a cause of action for breach of fiduciary duty. To allege a cause of action for breach of fiduciary duty, a plaintiff must plead (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damages. *Benasra v. Mitchell Silberberg & Knupp LLP*, 123 Cal. App. 4th 1179, 1183 (2004).

In general, a fiduciary duty does not exist in a purely commercial situation. *McCann v. Lucky Money, Inc.*, 129 Cal. App. 4th 1382, 1398 (2005) (finding no fiduciary duty exists between a customer and a foreign currency exchange company). Further, courts regularly hold that no fiduciary relationship exists between a debtor and a creditor. *See, e.g., Kim v. Sumitomo Bank*, 17 Cal. App. 4th 974 (1993) ("A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such.") (quoting *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476 (1989) ("A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such. The same principle should apply with even greater clarity to the relationship between a bank and its loan customers.")). This lack of fiduciary duty holds true in the context of residential mortgage loans. *Abrams v. Crocker-Citizens Nat'l Bank*, 60 Cal. App. 3d 442, 448 (1976)("The existence of a trust requires a clear intention to create a trust...The mere use of the words 'in trust' by the parties is not sufficient alone to create the trust."); *McCann*, 129 Cal. App. 4th at 1398 ("Just as a panda is not a true bear, a trustee of a deed of trust is not a true trustee.") (citation omitted).

Here, plaintiffs fail to allege that MortgageIT enjoyed a fiduciary relationship with them because they cannot as a matter of law. Instead plaintiffs allege that they had a fiduciary relationship with Mingus. *See* Complaint, ¶ 21 (plaintiffs alleging

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

that they "relied on ***Mingus***' professed expertise and placed their trust and confidence in him . . . ; as such, ***Mingus*** owed Plaintiffs a fiduciary duty to act in the Plaintiffs' best interests.") (emphasis added).

Accordingly, as plaintiffs can show no freestanding fiduciary relationship with MortgageIT, the Court should dismiss plaintiffs' cause of action for breach of fiduciary duty with prejudice as to MortgageIT.

**F. The Court Should Dismiss Plaintiffs' Elder Abuse Claim Because Plaintiffs Do Not Allege Any Conduct Violative Of The Elder Abuse Act**

Plaintiffs also allege a cause of action under The Elder Abuse Act. The Elder Abuse Act, Welfare and Institutions Code ("WIC") Section 15610.30(a), provides that financial elder abuse occurs when a person or entity "***[t]akes, secretes, appropriates, or retains real or personal property*** of an elder or dependent adult *to a wrongful use or with intent to defraud*, or both. . ." (emphasis added.) The statute also states that ". . . [a] person or entity shall be deemed to have taken, secreted, appropriated, or retained property for wrongful use if, among other things, the person or entity takes, secretes, appropriates or retains possession of property ***in bad faith.***" WIC § 15610.30(b) (emphasis added.) The Act provides that "[a] person or entity shall be deemed to have acted in bad faith if the person or entity knew or should have known that the elder or dependent adult had the right to have the property transferred or made readily available to the elder or dependent adult or to his or her representative." WIC § 15610.30(b)(1). Thus, to be liable under this statutory scheme, a defendant must have (1) taken, secreted, appropriated, or retained real or personal property of the elderly adult and (2) must have done so either for a wrongful use or with intent to defraud, or both. *See* WIC Section 15610.30.



REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

WIC § 15610.30 has never been interpreted by a California appellate court in a published decision, and legislative history provides no relevant guidance.[1] However, the California Supreme Court has noted that for a plaintiff to recover the enhanced remedies available under other sections of the Elder Abuse Act, such as WIC Section 15657:

> "...a plaintiff must demonstrate ***by clear and convincing evidence*** that defendant is guilty of something more than mere negligence; he or she must show ***reckless, oppressive, fraudulent or malicious*** conduct."

*Delaney v. Baker*, 20 Cal. 4th 23, 31 (1999) (emphasis added.); *see also Benun v. Superior Court*, 123 Cal. App. 4th 113, 121-123 (2004); *Smith v. Bennett*, 133 Cal. App. 4th 1507, 1518-1519 (2005).

When there has been no prior interpretation of a statute, trial courts should give the wording of statutes their "usual and ordinary" meaning. *Alford v. Superior*

---

[1] The language "takes, secretes, appropriates, or retains" now found in WIC Section 15610.30 first appeared as part of WIC Section 9380 pertaining to reporting elder abuse. *See* SB 1210, as amended Sept. 14, 1983, excerpt attached as Exh. A to MortgageIT's Request for Judicial Notice ("RFJN")). The statute was entitled "Elder Abuse Reporting" and the particular language was found in subsection (d) regarding fiduciary abuse of an elder. As originally enacted, Section 9380(d) stated "'fiduciary abuse' means a situation where any person who stands in a position of trust with respect to an elder, ***willfully steals the money or property of that elder, or secretes or appropriates the money or property*** of that elder, to any use or purpose not in the due and lawful execution of his or her trust." (emphasis added). Former WIC Section 15610, however, dealt with abuse of dependent adults. *See* AB 1805, as amended May 28, 1981, excerpt attached as Exh. B to RFJN. As originally enacted, it did not contain the language "willfully steals, . . . secretes or appropriates." That language was inserted in 1985 when Section 15610 was amended through AB 1603 to include a definition for "fiduciary abuse" of dependent adults, borrowing largely from the definition of "fiduciary abuse" of elders set forth in Section 9380(d). *See* AB 1603, as amended September 4, 1985, excerpt attached as Exh. C to RFJN. The term "wilfully steals" was dropped in favor of "takes." When Sections 15610 (dependent adult abuse) and 9380 (reporting elder abuse) were finally merged in 1986 under the chapter title "Abuse of the Eldery and Dependent Adults," the definition of fiduciary abuse which encompassed a "taking" as opposed to "wilfully stealing" remained. *See* Section 15610(f), AB 3988, as amended June 12, 1986, excerpt attached as Exh. D to RFJN. Again, the legislative history provides no guidance on why the term "takes" was retained over the term "wilfully steals."

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

*Court*, 29 Cal. 4th 1033, 1040 (2003). Courts often determine the usual and ordinary meaning of words by looking to dictionary definitions. *See, e.g.*, *People v. Martinez,* 31 Cal. 4th 673, 707 (2003), *cert. denied*, 124 S. Ct. 2160 (2004); *Nestande v. Watson*, 111 Cal. App. 4th 232, 240-41 (2003). Using the plain meaning of the words selected by the legislature, it is clear that MortgageIT did not "take," "secrete," "appropriate," or wrongfully "retain" plaintiffs' funds.

The definition of "take" is "to get into one's hands or into one's possession, power or control by force or strategem." Webster's Third New International Dictionary, Unabridged (1993); *see also* Merriam-Webster's Online Dictionary (10th ed., 2005). The definition of "secrete" is "to deposit or conceal in a hiding place." *Id.* The definition of "appropriate" is "to take or make use of without authority or right." *Id.* Finally, the word "retain" is commonly defined as: "to keep in possession or use." *Id.*

Here, plaintiffs allege that "Defendants violated the Elder Abuse Act, Cal. Welf. and Inst. Code § 15610.30" by "wrongfully and fraudulently [inducing] Barbara into entering the transaction and thereby taking and retaining a security interest in Barbara's property." Complaint, ¶ 81. Plaintiffs further allege that "Defendants took and retained the interest wrongfully and with an intent to defraud and in bad faith" and that "Defendants' conduct was a substantial factor in causing Barbara's harm." *Id.* These allegations, however, focus exclusively on the conduct of defendants other than MortgageIT. *See* Section III.C, *supra*.

MortgageIT, thus, did not commit elder abuse by plaintiffs' very allegations but merely extended a loan to plaintiffs and enforced the provisions of a contract validly executed by plaintiffs. MortgageIT did not "take" or "appropriate" anything from plaintiff. Rather, MortgageIT issued plaintiffs a loans upon execution of the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

loan documents. Here, the loan was issued by MortgageIT *at plaintiffs' request*. The terms of these loans were fully detailed in those loan documents. Such an arms-length commercial transaction bears no resemblance to a "taking" by force or "appropriating."

Nor did MortgageIT "secrete" or "hide" any of plaintiffs' funds. With the loan documents, plaintiffs received detailed documentation confirming the loans he was entering into. MortgageIT also provides plaintiff with monthly mortgage statements reflecting the loan transaction.

In short, plaintiffs fail to allege that MortgageIT committed elder abuse. Accordingly, the Court should dismiss plaintiffs' cause of action for elder abuse with prejudice as to MortgageIT.

**G. In The Event That The Court Denies MortgageIT's Motion To Dismiss Plaintiffs' TILA Claim, MortgageIT Alternatively Moves For A More Definite Statement Regarding Plaintiffs' TILA Claim Pursuant to Rule 12(e)**

A motion for more definite statement, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, is proper when a complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. *See Sagan v. Apple Computer, Inc.*, 874 F.Supp. 1072, 1077 (C.D. Cal. 1994). At a minimum, a complaint must provide sufficient detail to provide the defendant and the court a fair idea of the legal grounds for recovery. *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir. 1990); *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (litigants and court must be able to determine who is being sued and for what).

As set forth more fully in Section III.B, *supra.*, plaintiffs base their TILA claim upon assumption and speculation. Should this Court allow the TILA claim to proceed, MortgageIT requests that plaintiffs provide further factual detail regarding the basis of the TILA claim and the calculations upon which their otherwise incomprehensible allegations are based so that it can properly respond to this claim.

## IV. CONCLUSION

Plaintiffs' TILA claim fails as a matter of law because plaintiffs' allegations are based upon mere assumptions and speculation. Likewise, plaintiffs do not allege their fraud and conspiracy to defraud claims with the level of particularity required by Federal Rule of Civil Procedure 9(b). In addition, plaintiffs' UCL claim, premised upon their faulty TILA and fraud claims, cannot proceed as a matter of law. Further, plaintiffs' breach of fiduciary duty claim fails because plaintiffs cannot allege a fiduciary relationship with MortgageIT. Finally, plaintiffs do not state claims for which relief can be granted for elder abuse.

Accordingly, MortgageIT respectfully requests that the Court dismiss plaintiffs' Complaint in its entirety as to MortgageIT with prejudice. Alternatively, should this Court allow the TILA claim to proceed, MortgageIT requests that plaintiffs provide further factual detail regarding the basis for that claim.

DATED: June 11, 2008 REED SMITH LLP

By /s/ Dorit M. Glockner
Dorit M. Glockner
Attorneys for Defendant
MortgageIT, Inc.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, California 90071. On June 11, 2008, I served the following document(s) by the method indicated below:

**DEFENDANT MORTGAGEIT, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

☒ by E-Filing (ecf.casd.uscourts.gov)

☐ by transmitting via facsimile on this date from fax number 213.457.8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

**"SEE ATTACHED SERVICE LIST"**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 11, 2008, at Los Angeles, California.

/s/ Mary Hong
Mary Hong

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

**"SERVICE LIST"**

*Susan Jette and Barbara Anne Jette v. Orange County Financial, Inc., et al.*

Southern District Case No. 08 CV 0616-DMS-LSP

[Hon. Dana M. Sabraw]

| | |
|---|---|
| Jeremy S. Golden, Esq.<br>LAW OFFICES OF ERIC F. FAGAN<br>2300 Boswell Road, Suite 211<br>Chula Vista, CA 91414 | **Attorneys for Plaintiff Susan Jette and Barbara Ann Jette**<br>T: 619.656.6656<br>F: 775.898.5471<br>E-Mail: Jeremy@efaganlaw.com |
| M. Alim Malik<br>James H. Millane<br>JACKSON, DEMARCO, TIDUS, PETERSON, PECKENPAUGH<br>2030 Main Street, Suite 1200<br>Irvine, CA 92614 | **Attorneys for Defendant Orange County Financial, Inc. and Jeremy Indes**<br>T: 949.752.8585<br>E-Mail: amalik@jdtplaw.com and jmillane@jdtplaw.com |
| Steven Ray Garcia<br>Greta T. Hutton<br>KNAPP PETERSON & CLARKE<br>500 North Brand Boulevard<br>20th Floor<br>Glendale, CA 91203-1904 | **Attorneys for Defendant Tiempo Escrow, Inc.**<br>T: 818.547.5000<br>F: 818.547.5329<br>E-Mail: srg@kpclegal.com and gh@kpclegal.com |
| Michael R. Farrell<br>Yale E. Kim<br>Bradley E. Jewett<br>ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP<br>515 S. Figueroa Street, Ninth Floor<br>Los Angeles, CA 90071-3309 | **Attorneys for Defendant Indymac Bank, F.S.B.**<br>T: 213.622.5555<br>F: 213.620.8816<br>E-Mail: mfarrell@allenmatkins.com, ykim@allenmatkins.com and bjewett@allenmatkins.com |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.