Steven Ray Garcia (State Bar No. 110479)
srg@kpclegal.com
Greta T. Hutton (State Bar No. 103079)
gh@kpclegal.com
KNAPP, PETERSEN & CLARKE
500 North Brand Boulevard, 20th Floor
Glendale, California 91203-1904
Telephone: (818) 547-5000
Facsimile: (818) 547-5329

Attorneys for Defendant
TIEMPO ESCROW, INC. a corporation

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN JETTE and BARBARA ANN JETTE, individuals,<br><br>Plaintiff,<br><br>v.<br><br>ORANGE COUNTY FINANCIAL, INC., a corporation; MORTGAGEIT, INC., a corporation; INDYMAC BANKCORP., INC., a corporation; TIEMPO ESCROW, INC., a corporation; JERRY INDES, an individual; MR. MINGUS, an individual; and DOES 1 through 10, inclusive,,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS. | NO. 08CV0616 DMS LSP<br><br>Date: June 20, 2008<br>Time: 1:30 p.m.<br>Ctrm: 10<br><br>Hearing Judge: Dana M. Sabraw<br><br>REPLY IN SUPPORT OF MOTION FOR CHANGE OF VENUE BY DEFENDANT TIEMPO ESCROW II |

Defendant Tiempo Escrow II hereby files its reply in support of its motion for change of venue.

MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

In its moving papers, Tiempo Escrow II clearly stated the factual and legal basis for the relief it seeks: the dismissal of this action because it has not been properly served and has been brought in the wrong venue or a transfer of venue to the Central District in Orange County, California. The basis for this relief has been briefed and need not be repeated here. Plaintiff concedes the merit of the moving papers by acknowledging that none of the parties are resident in the Southern District of California and none of the events giving rise to the case occurred there. Indeed, the only nexus between the Southern District of California and this case is the location of the plaintiffsô attorneysô office. That does not satisfy the venue requirements.

## II.

## VENUE IS IMPROPER IN THE SOUTHERN DISTRICT OF CALIFORNIA

Point numbers II. and IV. of the moving papers set forth the rules and facts that compel either a dismissal or a change of venue because venue is improper in the Southern District of California. In an ill-fated attempt to keep the case near the plaintiffsô attorneysô office, plaintiffs argue that venue is synonymous with jurisdiction. In other words, they contend that so long as a defendant meets the minimum contacts with the State of California, venue is proper in any district. That is not the law.

Where, as in this case, there are multiple judicial districts in a state, venue is proper in the district with the ñmost significant contacts to the defendantsô residence.ò (28 U.S.C. § 1391(c); *Bicicletas Windsor, S.A. v. Bicycle Corp. of America* (SD NY 1992) 783 F. Supp. 781, 785; *Tranor v. Brown* (ED PA 1996) 913 F. Supp. 388, 390.)

////

KNAPP, PETERSEN & CLARKE

To reiterate: Tiempo Escrow II has no offices in San Diego. The events giving rise to this case did not occur in San Diego. The property that is the subject of the refinance loan that the plaintiffs seek to rescind is located in Butte County, not San Diego County. There are multiple defendants and none of them is a resident of San Diego County. Indeed, the plaintiffs themselves are not residents of San Diego County (see 28 U.S.C. § 1391(a) and (b).)

Plaintiffs have not, and cannot, cite any authority authorizing venue based on the location of the office of the plaintiffsô attorney. That is because there is none. The burden of having to defend this action in the Southern District of California, an improper venue, should be avoided by transferring the case to a more convenient district (*Burger King Corp. v. Rudzewicz* (1985) 471 US 462, 483-484).

## III.
## TIEMPO ESCROW II SHOULD BE DISMISSED FROM THIS CASE

Tiempo Escrow II is not named in the summons or the caption of the complaint. Tiempo Escrow, Inc. is a different company. It is named in both the summons and the caption of the complaint. It has not been properly served. It should be dismissed for the reasons given in the moving papers.

## IV.
## CONCLUSION

Tiempo Escrow II is an escrow company. It did not make the loan at issue in this case. It gave no advice regarding that loan. It is not named in either the summons or the caption of the complaint. It has not been properly served. It should be dismissed.

Should the Court exercise its discretion in favor of denying the motion to dismiss, then this case should certainly be transferred to the district court in Orange County where several of the multiple corporate defendants are resident. There is

////

////

simply no basis for retaining jurisdiction in the Southern District of California, whose only nexus is the office of the plaintiffsô attorneys.

Dated: June 13, 2008

KNAPP, PETERSEN & CLARKE

By: /s/

Greta T. Hutton
Attorneys for Defendant
TIEMPO ESCROW, INC. a corporation