Lorenzo E. Gasparetti (State Bar No. 135976)
Dorit M. Glockner (State Bar No. 229690)
Janet M. Lee (State Bar No. 251518)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: 213.457.8000
Facsimile: 213.457.8080
lgasparetti@reedsmith.com
dglockner@reedsmith.com

Attorneys for Defendant
MortgageIT, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SUSAN JETTE and BARBARA ANN JETTE, individuals

Plaintiffs

vs.

ORANGE COUNTY FINANCIAL, INC., a corporation; MORTGAGEIT, INC., a corporation; INDYMAC BANCORP., INC., a corporation; TIEMPO ESCROW, INC., a corporation; JERRY INDES, an individual; MR. MINGUS, an individual; and DOES 1 through 10, inclusive.

Defendants

Case No. 08 CV-0616 DMS (LSP)

**REPLY IN SUPPORT OF DEFENDANT MORTGAGEIT, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT**

Date: July 25, 2008
Time: 1:30 p.m.
Courtroom: 10

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

# TABLE OF CONTENTS

Page


I. INTRODUCTION .......... 1

II. LEGAL ANALYSIS .......... 2

A. Plaintiffs' Claims For Fraud And Conspiracy To Defraud Fail As A Matter Of Law Because Plaintiffs Have Not Alleged Fraud With The Requisite Particularity As To MortgageIT .......... 2

B. Plaintiffs Fail To Allege A TILA Claim As A Matter Of Law .......... 3

C. The Court Should Dismiss Plaintiffs' Cause Of Action For Breach Of Fiduciary Duty Because MortgageIT Did Not Owe Plaintiffs A Fiduciary Duty As A Matter Of Law .......... 6

D. The Court Should Dismiss Plaintiffs' Elder Abuse Claim Because Plaintiffs Do Not Allege That MortgageIT Violated The Relevant Statutory Scheme .......... 7

E. The Court Should Dismiss Plaintiffs' UCL Claim Because The Predicate Claims Fail As A Matter Of Law .......... 8

F. In The Event That The Court Denies MortgageIT's Motion To Dismiss Plaintiffs' TILA Claim, MortgageIT Alternatively Moves For A More Definite Statement Regarding Plaintiffs' TILA Claim Pursuant To Rule 12(e) .......... 9

III. CONCLUSION .......... 9


REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

# TABLE OF AUTHORITIES

Page

## CASES

*Nguyen v. Scott*, 206 Cal. App. 3d 725 (1988) .......... 7

*Barrett v. Bank of America*, 183 Cal. App. 3d 1362 (1986) .......... 2, 3

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) .......... 6

*Benasra v. Mitchell Silberberg & Knupp LLP*, 123 Cal. App. 4th 1179 (2004) .......... 6

*Kim v. Sumitomo Bank*, 17 Cal. App. 4th 974 (1993) .......... 6

*McCann v. Lucky Money, Inc.*, 129 Cal. App. 4th 1382 (2005) .......... 7

*Negrete v. Fidelity and Guaranty Life Insurance Co.*, 444 F. Supp. 2d 998 (C.D. Cal. 2006) .......... 3

*Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072 (C.D. Cal. 1994) .......... 9

*Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007) .......... 2

*Wyatt v. Union Mortgage Co.*, 24 Cal. 3d 773 (1979) .......... 6

## STATUTES, REGULATIONS, AND RULES

12 C.F.R. Part 226 .......... 5

Fed. R. of Civ. Proc. 8 .......... 2, 3

Fed. R. of Civ. Proc. 8(a)(2) .......... 2

Fed. R. of Civ. Proc. 9(b) .......... 1, 2, 3, 9

Fed. R. of Civ. Proc. 12(b)(6) .......... 3

Fed. R. of Civ. Proc. 12(e) .......... 1, 9

Cal. Bus. and Prof. Code § 17200 .......... 8

Cal. Inst. Code ("WIC") 15610.30(a) .......... 7



REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

**OTHER AUTHORITIES**

4 Witkin, Cal. Procedure (3d ed. 1985) .......... 3

Regulation Z Official Staff Commentary, 12 C.F.R. Part 226 Supplement 1, Comment 17(c)-10 .......... 5

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

# I. INTRODUCTION

Plaintiffs' Opposition makes clear that plaintiffs cannot proceed with any of their claims against MortgageIT, Inc. ("MortgageIT") as a matter of law.

As highlighted in their Opposition, plaintiffs' fraud and conspiracy to defraud claims fail to satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement because, as plaintiffs concede, they are entirely premised on a shell and insufficient allegation of agency between MortgageIT and the broker defendants.

Plaintiffs' speculative and incomprehensible Truth In Lending Act ("TILA") claim likewise fails because plaintiffs' Opposition reveals that they are premising their claim on a misinterpretation of TILA and a TILA disclosure clearly prepared by a broker defendant.

In addition, plaintiffs' breach of fiduciary duty claim fails for want of any predicate fiduciary duty.

Moreover, plaintiffs' elder abuse claim also fails because plaintiffs do not allege that MortgageIT violates that statutory scheme as a matter of law.

Finally, plaintiffs' Unfair Competition Law ("UCL") claim also fails as a matter of law because plaintiffs base this claim entirely upon their other invalid claims.

Accordingly, the Court should dismiss plaintiffs' Complaint in its entirety as to MortgageIT with prejudice. Alternatively, should this Court allow plaintiffs' TILA claim to proceed, MortgageIT requests that plaintiffs provide further factual detail regarding the basis of plaintiffs' incomprehensible TILA claim pursuant to Federal Rule of Civil Procedure 12(e).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

## II. LEGAL ANALYSIS

### A. Plaintiffs' Claims For Fraud And Conspiracy To Defraud Fail As A Matter Of Law Because Plaintiffs Have Not Alleged Fraud With The Requisite Particularity As To MortgageIT

As set forth in MortgageIT's moving papers, plaintiffs do not satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements for fraud and conspiracy to defraud claims. *See* Motion to Dismiss, 8:5-11:15 (pointing out that plaintiffs failed to allege that MortgageIT made *any* fraudulent representations to plaintiffs, and noting that plaintiffs instead focus exclusively on false statements and disclosures made by OCFI and its employees/agents, Mingus and Indes.); *see also Swartz v. KPMG LLP*, 476 F. 3d 756, 765 (9th Cir. 2007) ("Rule 9(b) imposes heightened pleading requirements where the object of the conspiracy is fraudulent.").

In opposition, plaintiffs concede that the sole basis for the fraud and conspiracy to defraud claims against MortgageIT is an alleged agency relationship between MortgageIT and the broker defendants. *See* Opp., 7:12-24. Notably, however, a review of the Complaint reveals that the only agency allegation is nothing more than a bare legal conclusion which does not even reference agency. Complaint, ¶ 13 ("Defendants are all entities or individuals who contributed to or participated in, or authorized the acts or conspired with the named Defendants to commit the acts and do the things complained of . . . .").

The United States Supreme Court recently held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' ***requires more than labels and conclusions*** . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007) (emphasis added). With respect to the more lenient notice pleading requirement of Rule 8, the Court emphasized that

> Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some ***factual allegation*** in the complaint, it is hard to see how a



REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

> claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.

*Id.* at 1965 n.3 (emphasis added); *accord Nguyen v. Scott*, 206 Cal. App. 3d 725, 733 (1988) (California law; noting that "the complaint's allegations of dual agency are ***legal conclusions*** that ***should be disregarded*** in considering the sufficiency of the demurrer." (citing 4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 340, p. 393) (emphasis added)).

Plaintiffs, here, have failed to meet both the general pleading standard of Rule 8(a)(2) as well as the heightened pleading standard for fraud claims under Rule 9(b). Here, given the complete lack of factual allegations supporting an agency between MortgageIT and the broker defendants, plaintiffs' claims for fraud and conspiracy to defraud fail as a matter of law.

**B. Plaintiffs Fail To Allege A TILA Claim As A Matter Of Law**

As MortgageIT set forth in its moving papers, plaintiffs base their TILA allegations on a series of mere assumptions and speculation rather than allegations of fact. Motion, 6:5-7:24; Complaint ¶¶ 35-40; *Twombly*, 127 S.Ct. at 1964-1965 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief ***requires more than labels and conclusions***, and a formulaic recitation of the elements of a cause of action will not do . . . ***Factual allegations must be enough to raise a right to relief above the speculative level.***") (emphasis added).

Aware of the speculative and incomprehensible nature of their TILA claim, plaintiffs attach a chart with "calculations" and attempt to set forth an explanation of their claim. *See* Golden Declaration, Exh. C; Opp., 3:15-4:26. Should the Court even consider the calculations presented in Exhibit C – which is notably outside of the four corners of the pleadings – Exhibit C does nothing to elucidate the nature of plaintiffs' TILA claim.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

Instead, plaintiffs' lengthy explanation of the nature of their TILA claim woefully illustrates that their TILA claim fails as a matter of law. Plaintiffs now appear to be arguing that the TILA disclosures provided by MortgageIT were inaccurate because they did not properly reflect the interest rate of 8.5% that plaintiffs allege they were charged in calculating the payment amount shown in the payment schedule. To support that argument, plaintiffs provided the Exhibit C "calculations" which appear to be based on the application of an 8.5% interest rate.[1]

Significantly, plaintiffs' argument – that to be accurate TILA disclosures must reflect the interest rate that the plaintiffs were *actually charged* – is incorrect as a matter of law. It is uncontested that plaintiffs' loan contained a variable rate of interest. As is typical for such loans, the Note signed by plaintiffs set forth the initial interest rate to be charged to plaintiffs and provided that as of a specified date and periodically thereafter the interest rate could increase or decrease based on a formula in which a margin in an amount specified in the Note would be added to an index specified in the Note, with the index to be measured each time a rate change could occur.[2] Accordingly, except for the initial interest rate, any subsequent rate to be charged to plaintiffs would have been unknown at the time of closing which is the time by which final TILA disclosures must be provided.

The disclosures required by TILA and Regulation Z for variable rate loans acknowledge that the very nature of a such loans makes definitive information on the overall transaction impossible to obtain. While plaintiffs are effectively arguing

---

[1] Even if plaintiffs' argument that the TILA disclosures provided by MortgageIT should have reflected their actual interest rate was correct, plaintiffs' calculations used to challenge the TILA disclosures would be incorrect because they are based on the premise that plaintiffs were charged a rate of 8.5% for the first year of the loan. As set forth in the Adjustable Rate Note signed by plaintiffs ("Note"), the initial rate charged to plaintiff was 1.250% and could only have been adjusted to 8.5% as of the beginning of the second full month of the loan.

[2] More specifically, plaintiffs' Note provided for a margin of 3.700 percentage points (3.700%) and specified the twelve-month average of the annual yield on U.S. Treasury Securities adjusted to a constant maturity of one year as the index to be used in determining whether a rate change would occur.



REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

that MortgageIT should have been required to predict the future and base its disclosures on actual interest rates, the variable rate disclosure rules under Regulation Z recognize that no one can predict the future and therefore do not require a creditor to do so. Specifically, for variable rate loans in which the initial interest rate is lower than the rate that would have been determined using the index and margin specified in the note, Regulation Z provides that TILA disclosures should be based on the initial rate for the period it is in effect (*i.e.*, until the first date a rate change can occur under the note) and for the remainder of the loan term, the rate that would have applied at closing using the index and margin. Regulation Z Official Staff Commentary, 12 C.F.R. Part 226 Supplement 1, Comment 17(c)-10. Thus, the interest rate that a borrower may *actually be charged* when the first rate change occurs is not relevant to determining whether TILA disclosures provided for a variable rate loan were accurate. Rather, the relevant interest rate is ***the rate that would have applied at closing using the index and margin specified in the Note.***

Notably, plaintiffs here do not assert that the interest rate used by MortgageIT in preparing the TILA disclosures did not properly reflect the index and margin specified in the Note. Accordingly, plaintiffs' claim that the TILA disclosures they received were inaccurate fails as a matter of law.

Plaintiffs further argue that MortgageIT violated TILA in allegedly providing conflicting TILA disclosures. Opp., 6:5-9; 6:20-27. To support this argument, plaintiffs attach the two alleged TILA disclosures. *See* Golden Declaration, Exh. A and B. However, a plain review of these unsigned undated alleged disclosures demonstrate that the first disclosure (Exh. A) was prepared by defendant OCFI (*see* top right corner of Exh. A). Plaintiffs' bare allegations of an agency relationship between MortgageIT and the broker defendants is simply insufficient to tie MortgageIT to this disclosure. *See* Section II.A, *supra.*

Accordingly, the Court should dismiss plaintiffs' TILA claim with prejudice.



REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

**C. The Court Should Dismiss Plaintiffs' Cause Of Action For Breach Of Fiduciary Duty Because MortgageIT Did Not Owe Plaintiffs A Fiduciary Duty As A Matter Of Law**

As set forth in MortgageIT's moving papers, a plaintiff must plead the existence of a fiduciary duty, breach of that duty and damages in order to state a claim for breach of fiduciary duty. *Benasra v. Mitchell Silberberg & Knupp LLP*, 123 Cal. App. 4th 1179, 1183 (2004). Notably, courts regularly hold that no fiduciary relationship exists between a debtor and a creditor, or in commercial situations generally. *See, e.g., Kim v. Sumitomo Bank*, 17 Cal. App. 4th 974 (1993) ("A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such.") (internal citation omitted); *see also McCann v. Lucky Money, Inc.*, 129 Cal. App. 4th 1382, 1398 (2005).

In error, plaintiffs cite to *Wyatt v. Union Mortgage Co.*, 24 Cal. 3d 773 (1979) to advance their argument that MortgageIT owed plaintiffs a fiduciary duty. *See* Opp., 8:15-22. The *Wyatt* court, however, merely held that a mortgage *broker* – not a lender – owed a fiduciary obligation to plaintiff borrower. *Id.* at 782-783; *see also* Opp. 8:15-17 (acknowledging *Wyatt* pertains to fiduciary relationship between broker and borrower). Aware that *Wyatt* does not support their position, plaintiffs attempt to extend the *Wyatt* "reasoning" to create a fiduciary duty between plaintiffs and MortgageIT. *See* Opp., 8:20-22 ("Under the reasoning in *Wyatt*, a lender could become liable along with the loan broker if the lender or its authorized agents 'directly ordered, authorized or participated in' the broker's tortious conduct."). However, in the relevant quotation, the *Wyatt* court only posited when directors and officers of a corporation can generally be held liable for torts of that corporation. *See Wyatt*, 24 Cal. 3d at 785 ("***Directors*** and ***officers*** of a corporation are not rendered personally liable for its torts merely because of their official positions, but may become liable if they directly ordered, authorized or

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

participated in the tortious conduct.") (emphasis added). This reasoning is simply inapposite here.

Grasping at straws, plaintiffs also argue that "a lender may create a fiduciary relationship when a party undertakes the role of a confid[a]nt or advis[o]r." *See* Opp., 8:23-25 (citing *Barrett v. Bank of Am.*, 183 Cal. App. 3d 1362 (1986)). The *Barrett* court acknowledged a fiduciary relationship between a bank and depositor where the plaintiff had a "feeling of trust and reliability" with respect to the bank's own loan officer. *See id.* at 1369-1370. *Barrett* is inapplicable, here, where plaintiffs neither allege that they interacted directly with MortgageIT nor that they viewed MortgageIT as an advisor or confidant.

Accordingly, plaintiffs' breach of fiduciary claim fails as a matter of law for want of any predicate fiduciary duty.

**D. The Court Should Dismiss Plaintiffs' Elder Abuse Claim Because Plaintiffs Do Not Allege That MortgageIT Violated The Relevant Statutory Scheme**

As set forth at length in MortgageIT's moving papers, plaintiffs do not allege an Elder Abuse Act claim under Welfare and Institutions Code ("WIC") Section 15610.30(a) as to MortgageIT because plaintiffs cannot allege that MortgageIT has taken, secreted, appropriated, or retained real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud or both as a matter of law. *See* Motion, 14:12-28.

In opposition, plaintiffs cite to *Negrete v. Fidelity and Guar. Life Ins. Co.*, 444 F. Supp. 2d 998 (C.D. Cal. 2006) for the proposition that they can advance an elder abuse claim against MortgageIT here. *Negrete* is distinguishable. In *Negrete*, the court allowed plaintiff's elder abuse claim to proceed against defendant insurer based on plaintiff's specific allegations in the complaint that

> to facilitate their churning scheme, ***defendant furnished sales agents ... with information about defendant's existing senior citizen customers***, including the cash

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

> value available in their already existing life insurance policies and annuities. ***Using deceptive and misleading specimen annuity contract, illustration(s) and related pre-printed sale materials supplied by defendant***, agents targeted those policyholders/annuitants with substantial accumulated cash values in their existing policies and annuities, and recommended that they acquire a new or additional annuity that would provide additional benefits or other purported improvements over their existing policy or annuity.

*Id.* at 1002-1003 (emphasis added).

In contrast, an elder abuse claim cannot stand against MortgageIT here because plaintiffs do not allege that MortgageIT furnished its alleged agents with information or materials to perpetrate elder abuse. Rather, plaintiffs' Complaint only alleges fraudulent and wrongful acts on the part of defendants other than MortgageIT. *See, e.g.*, Complaint, ¶¶ 17, 21, 22, 26, 27, 29, 30, 48.

Accordingly, plaintiffs' elder abuse claim also fails as a matter of law as to MortgageIT.

**E. The Court Should Dismiss Plaintiffs' UCL Claim Because The Predicate Claims Fail As A Matter Of Law**

As explained in MortgageIT's moving papers, plaintiffs do not allege a violation under the UCL, which prohibits any unlawful, unfair, or fraudulent business act or practice. *See* Motion, 11:21-12:16.

In opposition, plaintiffs merely assert that they have "properly alleged violations of TILA, Reg. Z, fraud, conspiracy to defraud, breach of fiduciary duty, and violation of the Elder Abuse Act" to support a section 17200 claim. Opp., 8:8-11.

However, as set forth in sections II.A-D., *supra*, plaintiffs fail to allege any claim against MortgageIT as a matter of law as the Complaint is devoid of factual allegations that MortgageIT's conduct constituted any unlawful, unfair, or fraudulent act. Accordingly, plaintiffs' UCL claim also necessarily fails.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

### F. In The Event That The Court Denies MortgageIT's Motion To Dismiss Plaintiffs' TILA Claim, MortgageIT Alternatively Moves For A More Definite Statement Regarding Plaintiffs' TILA Claim Pursuant To Rule 12(e)

A defendant may move for a more definite statement under Federal Rule of Civil Procedure 12(e) where the defendant cannot ascertain the nature of the claim being asserted. *See* Motion, 17:20-28 (citing *Sagan v. Apple Computer, Inc.*, 874 F.Supp. 1072, 1077 (C.D. Cal. 1994)).

As set forth more fully in the moving papers [6:1-7:28] and section II.B., *supra*, plaintiffs base their TILA claim upon nothing more than incomprehensible calculations, speculation, and in opposition, misinterpretation of law and information outside of the pleadings. In the event that the Court does not dismiss plaintiffs' TILA claim, MortgageIT seeks further factual detail regarding the basis of the TILA claim and an explanation of the still incomprehensible calculations upon which it is based so that MortgageIT can properly respond to this claim.

## III. CONCLUSION

Plaintiffs fail to state a claim against MortgageIT. Plaintiffs do not allege their fraud and conspiracy to defraud claims with the level of particularity required by Federal Rule of Civil Procedure 9(b). Likewise, plaintiffs' TILA claim fails as a matter of law because plaintiffs' allegations are based upon misinterpretation of law, mere assumptions and speculation. In addition, plaintiffs' UCL claim, premised upon their faulty fraud and TILA claims, cannot proceed as a matter of law. Further, plaintiffs' breach of fiduciary duty claim fails because plaintiffs cannot allege a fiduciary relationship with MortgageIT. Finally, plaintiffs do not state claims for which relief can be granted for elder abuse.

///

///

///

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

Accordingly, MortgageIT respectfully requests that the Court dismiss plaintiffs' Complaint in its entirety as to MortgageIT with prejudice. Alternatively, should this Court allow the TILA claim to proceed, MortgageIT requests that plaintiffs provide further factual detail regarding the basis for that claim.

DATED: July 18, 2008 REED SMITH LLP

By /s/ Dorit M. Glockner
Dorit M. Glockner
Attorneys for Defendant
MortgageIT, Inc.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, California 90071. On July 18, 2008, I served the following document(s) by the method indicated below:

**REPLY IN SUPPORT OF DEFENDANT MORTGAGEIT, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT**

- [X] by E-Filing (ecf.casd.uscourts.gov)
- [ ] by transmitting via facsimile on this date from fax number 213.457.8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error.
- [ ] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.
- [ ] by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.
- [ ] by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

**"SEE ATTACHED SERVICE LIST"**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 18, 2008, at Los Angeles, California.

Mary Hong

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

**"SERVICE LIST"**

*Susan Jette and Barbara Anne Jette v. Orange County Financial, Inc., et al.*

Southern District Case No. 08 CV 0616-DMS-LSP

[Hon. Dana M. Sabraw]

| | |
|---|---|
| Jeremy S. Golden, Esq.<br>LAW OFFICES OF ERIC F. FAGAN<br>2300 Boswell Road, Suite 211<br>Chula Vista, CA 91414 | **Attorneys for Plaintiff Susan Jette and Barbara Ann Jette**<br>T: 619.656.6656<br>F: 775.898.5471<br>E-Mail: Jeremy@efaganlaw.com |
| M. Alim Malik<br>James H. Millane<br>JACKSON, DEMARCO, TIDUS, PETERSON, PECKENPAUGH<br>2030 Main Street, Suite 1200<br>Irvine, CA 92614 | **Attorneys for Defendant Orange County Financial, Inc. and Jeremy Indes**<br>T: 949.752.8585<br>E-Mail: amalik@jdtplaw.com and jmillane@jdtplaw.com |
| Steven Ray Garcia<br>Greta T. Hutton<br>KNAPP PETERSON & CLARKE<br>500 North Brand Boulevard<br>20th Floor<br>Glendale, CA 91203-1904 | **Attorneys for Defendant Tiempo Escrow, Inc.**<br>T: 818.547.5000<br>F: 818.547.5329<br>E-Mail: srg@kpclegal.com and gh@kpclegal.com |
| Michael R. Farrell<br>Yale E. Kim<br>Bradley E. Jewett<br>ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP<br>515 S. Figueroa Street, Ninth Floor<br>Los Angeles, CA 90071-3309 | **Attorneys for Defendant Indymac Bank, F.S.B.**<br>T: 213.622.5555<br>F: 213.620.8816<br>E-Mail: mfarrell@allenmatkins.com, ykim@allenmatkins.com and bjewett@allenmatkins.com |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.