# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN JETTE and BARBARA ANN JETTE, individuals,<br>Plaintiffs,<br>vs.<br>ORANGE COUNTY FINANCIAL, INC., a corporation, et al.,<br>Defendants. | CASE NO. 08cv0616 DMS (LSP)<br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TIEMPO ESCROW II'S MOTION FOR CHANGE OF VENUE**<br>**[Docket No. 11]** |

On April 3, 2008, Plaintiffs Susan Jette and Barbara Ann Jette filed the present Complaint against Orange County Financial, Inc. ("OCFI"), Mortgageit, Inc. ("Mortgageit"), Indymac Bancorp, Inc. ("Indymac"), Tiempo Escrow II,[1] Jerry Indes ("Indes") and a Mr. Mingus. Plaintiff's Complaint alleges the following claims for relief: (1) violation of the Truth in Lending Act ("TILA"), (2) violation of California Business and Professions Code § 17200, (3) fraud and conspiracy to defraud, (4) breach of fiduciary duty, and (5) violation of California's Elder Abuse Act.

On May 19, 2008, Defendant Tiempo filed the present motion to dismiss, or in the alternative, to transfer this case to the United States District Court for the Central District of California.

[1] The caption of the Complaint identifies Tiempo Escrow, Inc. as a Defendant, but the body of the Complaint identifies Tiempo Escrow II as a Defendant. In Plaintiffs' opposition to the present motion, they clarified that the proper Defendant is Tiempo Escrow II, not Tiempo Escrow, Inc. All further references to Defendant Tiempo, therefore, are to Tiempo Escrow II, not Tiempo Escrow, Inc.

Plaintiffs filed an opposition to the motion on June 4, 2008, and Defendant Tiempo filed a reply on June 13, 2008. On June 16, 2008, this Court found the present motion suitable for decision without oral argument.

**I.**

**BACKGROUND**

Plaintiffs Barbara Jette (mother) and Susan Jette (daughter) purchased a home in Oroville, California in 2003. Plaintiffs financed the home with a 30-year fixed rate mortgage from Countrywide Financial with an interest rate of 5.625 percent.

In 2006, Barbara's health declined, and Susan quit her job to provide full-time care for her mother. In response to a direct-mail advertisement, Susan contacted Mr. Mingus by telephone to discuss the advertised loan. According to Plaintiffs, Mr. Mingus induced them to apply for a loan to refinance the property, which they did over the telephone. Plaintiffs later sent documentation to Mr. Mingus verifying their total income of $2,647 per month. Mr. Mingus told Plaintiffs the interest rate on the loan would be 1 to 3 percent for the first three to five years.

On August 31, 2006, Defendant Tiempo sent a notary to Plaintiffs' home to sign the final closing documents. Susan had brought her mother home from the hospital the day before. During the signing process, Barbara kept falling asleep, but the notary persisted and rushed Plaintiffs through the process. The loan escrow closed on September 12, 2006.

One month after Plaintiffs made their first payment on this loan, the interest rate escalated from 1.25 percent to 8.5 percent. Plaintiffs claim Defendant OCFI sent them a truth-in-lending disclosure statement showing an annual percentage rate ("APR") of 1.425 percent. Plaintiff also claim Defendant Indes submitted a false loan application showing that Susan had monthly income of $2,200.

**II.**

**DISCUSSION**

Defendant Tiempo moves this Court to dismiss Plaintiffs' case for improper venue, or in the alternative, to transfer Plaintiffs' case to the Central District of California. Defendant Tiempo also moves for dismissal based on improper service of the Complaint.

/ / /

Title 28 United States Code section 1391(b) governs the venue determination in this case. That statute provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Plaintiffs and Defendant Tiempo dispute whether venue in this Court is proper under subsection (1). For this subsection to apply, all Defendants must reside in the same State. There is no dispute that this requirement is met. However, there is a dispute about whether any of the Defendants reside in this judicial district.

Defendant Tiempo asserts, in conclusory fashion, that none of the Defendants reside in this district. However, Defendant Indymac has admitted that it transacts business in this district. (See Indymac's Answer at ¶4.) That admission is sufficient to establish residence in this district for purposes of venue. Accordingly, this Court is a proper venue for Plaintiffs' Complaint pursuant to 28 U.S.C. § 1391(b)(1).

Nevertheless, Defendant Tiempo argues this Court should transfer this case pursuant to 28 U.S.C. § 1404(a). This statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Defendant Tiempo asserts that it would be more convenient for all Defendants to litigate this case in the Central District because that is where the Defendants and most of the witnesses are located. Defendant Tiempo also states the loan transaction that forms the basis of this case took place, at least in part, in the Central District. In contrast to these connections with the Central District, Defendant Tiempo asserts there is no connection between the parties and this district, nor do the events or facts underlying this case have a connection with this district. The only reason this case was filed here is that Plaintiffs' counsel is located in this district.

/ / /

Plaintiffs do not dispute Defendant Tiempo's factual assertions. Instead, they rely on Plaintiffs' "precarious financial situation" as the reason why the Court should retain this case. Specifically, Plaintiffs contend they will suffer financial hardship "[i]f they are required to pay for travel costs for their attorneys to make out-of-district court appearances[.]" (Opp'n to Mot. at 6.)

The cost of litigation is a factor for consideration on a motion to transfer venue, but the Court must consider the costs to all parties, not just Plaintiffs. Here, Defendant Tiempo makes a valid argument that it, along with the other Defendants, will be forced to incur additional costs and expenses if this case proceeds in this district. The issue of costs, therefore, is not dispositive.

What is more compelling is the admitted disconnect between the facts of this case and this district. Although some of the Defendants may transact business in this district, that business did not give rise to the present case. Indeed, the facts giving rise to the present case involve a loan transaction on real property located in the Eastern District of California, between residents of the Eastern District of California and Defendants, the majority of whom either reside in or have their principal places of business in the Central District of California. Were it not for the location of Plaintiffs' counsel, this case would not have been filed in this district. Under these circumstances, transfer is appropriate.

Defendant Tiempo requests that the Court transfer the case to the Central District of California as it is a more convenient forum for it, while Plaintiffs request that the Court transfer the case to the Eastern District of California because that is their place of residence. On the facts set out above, the Court finds the Eastern District is a more appropriate forum. Accordingly, the Court transfers the case to that district.

## III.

## CONCLUSION

In consideration of the above, Defendant Tiempo's Motion to Transfer pursuant to 28 U.S.C. § 1404(a) is granted in part and denied in part. Specifically, the Court grants the motion to transfer,

/ / /

/ / /

/ / /

/ / /

but denies the request to transfer the case to the Central District. Rather, the Court finds that the interests of justice weigh in favor of transferring this case to the Eastern District.[2]

**IT IS SO ORDERED**.

DATED: July 30, 2008

HON. DANA M. SABRAW
United States District Judge

[2] Because the Court finds transfer is appropriate under Section 1404(a), it does not address whether Defendant Tiempo was properly served pursuant to Federal Rule of Civil Procedure 4. That issue, and Defendant Mortgageit's motion to dismiss, are better left to the Eastern District court.